## No. 14,074.

GALLAGHER TRANSPORTATION COMPANY ET AL. *v.* GIGGEY.

(71 P. [2d] 1039)

Decided June 28, 1937.   Rehearing denied September 27, 1937.

Mr. EDWARD L. WOOD, Mr. NORMAN W. BAKER, for plaintiffs in error.

Mr. SIMON QUIAT, Mr. SAMUEL S. GINSBERG, Mr. NATHAN H. CREAMER, Mr. HARRY S. CLASS, Mr. OSCAR A. JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE parties are here in reverse order of their appear-

ance in the district court, and reference will be made to them as plaintiff and defendants.

Plaintiff recovered a judgment against the defendants in the district court of Boulder county for damages for personal injuries sustained by him when the truck he was driving collided with the rear end of a truck and trailer belonging to the defendants, which truck and trailer were at that time being driven by their employee. To reverse this judgment defendants bring the cause here by writ of error.

The accident occurred in the early morning January 3, 1936, while it was still dark. The truck and trailer of defendants were constructed for moving heavy materials and at the time of the accident were loaded with a heavy steel I-beam which projected from two to three feet beyond the rear end of the trailer. Neither the truck nor the trailer at the time of the accident had burning lights of any kind as required by the motor vehicle statutes. The driver had stopped twice before the accident and tried unsuccessfully to repair the lighting equipment so that the lights would burn. Plaintiff, traveling northerly in the same direction as the truck and trailer, was driving a bread truck. He was proceeding at a rate of about 32 miles per hour, when his truck collided with the rear end of the truck and trailer of defendants, which was traveling at a lesser speed, and as a result of the collision he sustained serious injuries.

██ ██ The record presents a clear case of conflicting evidence and the only question involved which we consider merits our attention relates to instructions Nos. 4 and 10 given by the trial court. Instruction No. 4, after advising the jury that trucks and trailers driven under the conditions such as this truck was shown to be traveling under at the time of the accident are required to display the lighted lamps and illuminating devices as specified by the statutes, advised it further, "that the plaintiff had a right to rely on the statutes * * * and to expect that the driver of the defendants' truck and the

defendants would comply with the statutes in this particular, *and the plaintiff was therefore not in duty bound to be on the lookout for vehicles operating in violation of the statutes.*'' Defendants objected to the italicized portion of the foregoing instruction on the ground that it was an incorrect statement of the law in that it advised the jury that the plaintiff was under no duty to be on the lookout for vehicles operated in violation of the statutes, whereas, as they contended, it was the duty of the plaintiff to keep a vigilant lookout, regardless of whether the operator of the truck was or was not observing the law with respect to lights. Defendants further objected to the instruction as being in contradiction of the court's instruction No. 10 which was as follows: ''You are instructed that you must not return a verdict in favor of the plaintiff simply because of the fact, if it be a fact, that the defendants were operating their vehicle without lights contrary to law. The plaintiff was under a duty to keep a vigilant lookout for other vehicles, and to use reasonable and ordinary care to avoid injury to himself. The defendants have charged that the plaintiff could and should have seen their vehicle in time to have. avoided striking it, and that he was negligent in failing so to do. If you find from a preponderance of the evidence that the plaintiff was not keeping a vigilant lookout and that he could have avoided the accident had he performed his duty in this respect, then he cannot recover in this case and your verdict must be in favor of the defendants even though you believe that the defendants were themselves negligent as charged by the plaintiff.''

While the language used in the italicized portion of Instruction No. 4 might have been clarified to express more definitely the principle of law involved, we think that read in connection with Instruction No. 10 it could not have misled the jury. Instruction No. 4 sets forth the statutory requirements as to lights. It states that plaintiff had a right to rely on an observance of these requirements and to expect that a truck and trailer on

the highway under conditions such that the statutes required lights would display them; that it was not plaintiff's duty to be on the lookout for trailers not displaying lights.

Obedience to the law would have resulted in the defendants' driver displaying lights on the truck, and since most men are law-abiding, one in the conduct of his own affairs, may without criticism assume, in the absence of anything to put him on notice to the contrary, that others will obey the law. The plaintiff had a right, in the absence of anything to give him such notice—and there was nothing of this character in the record—to assume that a truck, such as that of defendants', on the highway, under the conditions disclosed would display lights. Lights on trucks are for the purpose of making known their presence to others traveling the highway. Since highway users may expect or assume that lights will be present when the conditions obtaining are such that the statute requires them, it follows as a necessary corrolary that when one fails to find lights where and when the law says they shall be displayed, in the absence of actual discovery of anything to put him on notice to the contrary, he has the right to assume and act upon the assumption that there is no vehicle on the highway. The instruction merely tells the jury that plaintiff was under no duty to keep a lookout for or to expect what he might reasonably assume was not there, namely, a truck and trailer without the legally required accompanying lights. If the unlawful action of one creates a condition dangerous to another, the one creating such condition cannot demand that ordinary care on the part of the one endangered shall anticipate the unlawfully created condition of danger, unless he shows some fact or facts which would cause an ordinarily prudent man to discover, or if possessed of ordinary intelligence to anticipate, the danger. As before stated, no fact or facts appear in the record before us which would have served to notify plaintiff of the presence of defendants' unlighted truck.

To require more care of plaintiff than is adequate to protect him against perils incident to the use of the highways by others acting in a lawful manner would be to demand a degree of caution on the highway sufficient to avoid the consequences of conditions which he had a right to assume did not exist, and therefore need not be anticipated.

Instruction No. 10, read with No. 4, and the jury was told that all instructions must be read and considered together, gives the other side of the situation. Though not required specifically to look out for lawbreakers, the jury was told that plaintiff was not absolved from keeping a vigilant lookout for other vehicles and that he was in duty bound to use ordinary and reasonable care to avoid injury to himself. It was told also that if in the exercise of such care he would have seen the unlighted truck in time to stop or avoid colliding with it his failure to do so was contributory negligence on his part and would bar his recovery.

Plaintiff was bound to assume and know that other vehicles would be using the highway and it was his duty to keep a lookout for them. He had a right to assume that they would be lawfully lighted, but if upon a consideration of the degree of care required of him in looking out for lawfully lighted vehicles, and others reasonably to be anitcipated as using the highway, together with his own speed, lights, condition of the road and all other facts in evidence, the jury should believe that the care required under such conditions would have disclosed the presence of the truck to him, even though it was unlighted, in time so that he could have avoided a collision it could find him guilty of contributory negligence in not seeing the truck and trailer and avoiding a collision.

We cannot commend instruction No. 4 as being either a clear or complete statement of the law, but when read with and in the light of Instruction No. 10, we think it is not inconsistent therewith, and that under the particular

facts in this case the jury, upon a consideration of all the instructions, could not have been misled thereby.

The judgment is affirmed.

MR. JUSTICE BOUCK dissents.