## No. 16,095.

### PRENTISS *v.* JOHNSTON ET AL.

(203 P. [2d] 733)

Decided February 21, 1949.

Messrs. January & Yegge, Mr. Richard D. Hall, for plaintiff in error.

Mr. Emory L. O'Connell, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Defendants in error were plaintiffs in the trial court and plaintiff in error was defendant. We refer to the parties by name or as they appeared below.

On May 13, 1947, a Ford pickup truck driven north on Garrison street in an unincorporated portion of Jefferson County, Colorado, by Christine Johnston, was struck by a Chevrolet coupe being driven west on West Alameda avenue by defendant James D. Prentiss. Mary Lou Johnston, five-year-old daughter of Christine Johnston, died immediately as a result of the accident. Christine Johnston suffered bodily injuries and the Johnston automobile was damaged. Christine Johnston filed suit against James D. Prentiss for damages for bodily injuries received by her in the accident; her husband Harold E. Johnston and the Fidelity-Phenix Fire Insurance Company filed a second suit for recovery of the damages to the Johnston Ford truck and for recovery by Mr. Johnston alone of damages resulting from the death of his child, Mary Lou Johnston. The defendant filed a coun-

terclaim for damages to his car. The cases were consolidated for trial and the jury returned a verdict in favor of Christine Johnston in the sum of $1,500.00 for personal injuries; in favor of Mr. Johnston and the Fidelity-Phenix Fire Insurance Company for $212.62 damage to the Ford truck; and in favor of Harold E. Johnston for $3,500.00 damages resulting from the death of the child.

Defendant brings the case here for review and contends, as a basis for a reversal of the judgment, that the plaintiff, Christine Johnston driver of the truck, was guilty of contributory negligence as a matter of law, which alleged contributory negligence must be imputed to each of the other plaintiffs so as to bar any recovery by them. Defendant further urges the points that the court erred in giving instructions to the jury, and in refusing to give instructions tendered by the defendant.

It is admitted that the accident occurred in a portion of Jefferson county where the State Motor Vehicle Code (chapter 16, section 208, '35 C.S.A.) applied. Under this statute the first vehicle to enter the intersection obtains the right of way. The physical facts, and the testimony of witnesses, indicate clearly that the plaintiff, Christine Johnston, reached the intersection in advance of the defendant. Mrs. Johnston admittedly having the right of way, was protected in the enjoyment of all the advantages afforded by it. Each of the drivers had free and unobstructed vision as they approached the intersection. West Alameda avenue, at the intersection involved, is a four-lane surfaced highway and is sixty feet wide from shoulder to shoulder. Garrison street is twenty-two feet wide and is a graded highway surfaced with gravel only.

## Questions to be Determined.

First: *Was contributory negligence on the part of the plaintiff established as a matter of law?*

This question must be answered in the negative. It is contended by the defendant, on the authority of *Colo-*

*rado & Southern Ry. Co. v. Barth,* 117 Colo. 17, 183 P. (2d) 549; *Aaron v. Wesebaum,* 114 Colo. 61, 162 P. (2d) 232; *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100; and other cases cited in the above cases, that the plaintiff cannot avoid the defense of contributory negligence because, in approaching the intersection, she "looked in such manner as to fail to see what was plainly visible," amounting, as it is said, to the same situation that would follow if she had not looked at all.

██ ██ We have in a number of cases held that the driver of an automobile possessing the right of way must nevertheless exercise reasonable care to avoid collisions with other vehicles. Also we have held that whenever a driver looks for approaching vehicles "in such manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all," *Fabling v. Jones, supra,* and cases there citied. We do not question the correctness of the rule, and the application of it to the  factual situation present in the cases cited was proper.

There is present in the case at bar evidence which clearly distinquishes it from the cases above mentioned, and which was sufficient to make of the element of contributory negligence a question for the jury. For example, in the case of *Aaron v. Wesebaum, supra,* the only witness testifying on behalf of the plaintiff concerning the circumstances at the time of the collision was the plaintiff himself. The plaintiff in that case did not have the right of way and it was apparent that the defendant's car was well within the range of his vision and the plaintiff should have seen it and yielded the right of way to the defendant's car. The case of *Fabling v. Jones, supra,* upon which defendant relies, involved an automobile-pedestrian accident and here again the sole witness for the plaintiff giving testimony concerning the actual occurrence was the plaintiff herself. The facts in the Fabling case are wholly dissimilar from those here

present and the rule for which counsel here contends was correctly applied in that cause.

The evidence upon which defendant relies as ground for application of the rule in this cause appeared in the testimony of the plaintiff as follows: "Q. As you entered that intersection did you look to the right to see whether or not there were any cars approaching from the east on Alameda? A. Yes. I looked both ways. I looked to the west and I looked to the east. Q. When you looked to the east did you see any car approaching? A. Yes. The first car I seen was a black one. Q. About how far away was that one when you first saw it? A. About 200 yards. Q. Approximately 600 feet. What did you do then? A. Well, I thought I had ample time, so I just drove on across. Q. About how fast did you cross that intersection; could you tell us approximately? A. Oh, 10 to 15 miles an hour. Q. Did you ever see anything of the green car driven by a Mr. Prentiss, the defendant, before the accident? A. No, I did not. Q. You don't know where that came from? A. No, I don't."

On cross-examination Mrs. Johnston stated: "Q. And after seeing this black car you shifted into second and proceeded into the intersection, did you? A. That's right. Q. Did you at any time thereafter look again to the right, to the east? A. I did not crane my neck to look, but I looked up that way. Q. You at no time saw the Prentiss car, I understand? A. No, sir."

In considering the foregoing evidence given by the plaintiff, Christine Johnston, and in determining whether there was evidence sufficient to go to the jury upon the question of contributory negligence, we must consider other evidence, and cannot limit the inquiry to the testimony of plaintiff. Charles Adams, a witness called by the plaintiff, was standing near the intersection. He was then unacquainted with either party involved in the accident. He gave testimony which might tend to explain why it was that Mrs. Johnston saw a black car but did not see the Prentiss car. Mr. Adams

stated, in substance, that he saw the car driven by defendant approximately 600 feet from the intersection, that there were about five cars pretty close together near the Prentiss car, "There was a black, I should judge about a 1935 Plymouth in the driving lane and the Prentiss car had just come around that car. There was another car in the driving lane and two more in back of the Prentiss car in the passing lane." He saw the Prentiss car passing a black car when he first noticed it. After the Prentiss car passed the black car the defendant pulled back into the driving lane. It was just a matter of seconds before defendant applied his brakes. "He stopped so suddenly the black car which was in back of him had to pull off to the edge of the highway on the grass there to avoid hitting the Prentiss car also." Mr. Adams estimated the speed of the Johnston car at fifteen miles per hour and of the Prentiss car at forty to forty-five miles per hour. He further testified that the Johnston car had almost crossed the four-lane highway and that the two front wheels of the Johnston car were north of the oiled surface of Alameda and onto the gravel surface of Garrison street, when the collision occurred.

This evidence, taken in connection with that of the plaintiff and the physical facts present, was sufficient to warrant a determination by the jury upon the question of contributory negligence. The jury might well have concluded from the evidence that plaintiff Christine Johnston saw the black car about 600 feet away from the intersection as she was approaching the intersection, having the right of way herself; that there were four or five cars immediately behind the black car; that she was not negligent in determining that she had ample time to cross ahead of the black car which was leading the group. The jury might have determined that the defendant, James D. Prentiss, driving at a rate of speed three or four times that of the plaintiff, pulled from behind the black car and passed it in the passing lane, swung back into the driving lane in time to strike the

Johnston car as it was about to clear the intersection. There was evidence warranting such a conclusion on the part of the jury and it would not necessarily be inconsistent with the testimony given by the plaintiff herself. In *Denver Equipment Co. v. Newell,* 115 Colo. 23, 169 P. (2d) 174, the driver of plaintiff's car had the right of way. He did not look to the left. In the opinion in that case we stated: "Whether, under such circumstances, he exercised the care and caution required of a careful and prudent driver, was a question of fact for the jury, and if it should determine that he did not exercise that degree of care and caution, it was for it to say whether, by failing so to do, he was guilty of negligence which was the proximate or contributing cause of the damage."

The trial court did not err in refusing to direct a verdict in favor of the defendant. The plaintiff Christine Johnston, was not guilty of contributory negligence as a matter of law.

■ ■ Second: *Did the court err in giving Instruction No. 8?* Instruction No. 8 given by the court is as follows: "You are instructed that a person driving a motor vehicle on a highway has the right to rely upon observance of the law by other persons driving motor vehicles thereon, and that such person is not guilty of negligence in failing to anticipate that other drivers may violate the laws governing use of highways." The defendant objected to this instruction upon the ground that it tended to absolve the person having the right of way from the duty of due care. The court, by instruction No. 4, defined contributory negligence and in addition thereto gave instruction No. 10 as follows: "The jury are instructed that although the operator of an automobile may have the right of way at an intersection of highways, such operator is not thereby absolved from the duty of exercising reasonable care, and he or she must, nevertheless, drive and operate the automobile in a careful and prudent manner and with due regard to conditions and special hazards existing at the intersec-

tion." We find no error in the court's instructions upon this phase of the case. Ample authority for the instructions given will be found in *Gallagher Transportation Co. v. Giggey*, 101 Colo. 116, 71 P. (2d) 1039.

■ Third: *Did the court err in refusing to give instructions requested by the defendant?*

This question must be answered in the negative. The defendant, by tendered instruction No. 3 requested the court to instruct the jury as to the provisions of section 259, chapter 16, '35 C.S.A., which reads in substance that, motor vehicles "shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle." By tendered instruction No. 4 the defendant requested the court to instruct the jury, in substance, that a violation by plaintiff of any statutory provision mentioned in tendered instruction No. 3, which proximately caused or contributed to the collision, would require a verdict in favor of the defendant. The court refused to give the requested instructions. Assuming the presence of competent evidence creating an issue upon the question of the condition of the plaintiff's brakes immediately prior to, or at the time of the accident, the tendered instructions were correct statements of the law. However, in this case there was no competent evidence concerning inadequate brakes on plaintiff's car prior to or at the time of the collision. The evidence offered by defendant that *after the accident* the braking power on plaintiff's car was negligible, even if accepted as competent, raised no issue of fact for determination by the jury in view of the conclusive showing made by plaintiff that the brake damage was caused by the impact of the cars. This showing was in no way challenged by the defendant by evidence. Furthermore, assuming that the brakes on plaintiff's car were defective, there was no evidence that such condition could have had anything to do with the accident. Before the requested instruction could properly have been given, there must have been evidence of defective brakes *prior to or at the time*

*of the collision,* and also some evidence that this condition was the proximate cause of the accident. There was in this case no evidence upon either of these essentials creating any issue for the jury. Refusal to give an instruction, although a correct abstract statement of law, is proper, when it is not applicable to any issue the jury is called upon to decide. *Riss & Company v. Galloway,* 108 Colo. 93, 114 P. (2d) 550.

The claim of defendant that the verdict returned was the result of bias and prejudice on the part of the jurors against the insurer of the defendant, is without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.