Melvin **YOKLEY**, Appellant,

v.

**SANTA FE TRAIL TRANSPORTATION COMPANY**, a corporation; and Paul Vernon Mitchell, Appellees.

No. 5078.

United States Court of Appeals
Tenth Circuit.
Oct. 27, 1955.

James S. Henderson, Denver, Colo., for appellant.

Grant, Shafroth & Toll, Denver, Colo., for appellees.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from a judgment in favor of the defendants in an action for damages growing out of a collision between plaintiff's automobile and a truck, owned by the defendant Santa Fe Trail Transportation Company and operated by the defendant Paul Vernon Mitchell, on a street in the City of Trinidad, Col-

orado. The case was tried to the court without a jury which found that the defendant driver was guilty of negligence, but denied recovery to the plaintiff because of his contributory negligence. The sole question presented is the sufficiency of the evidence to sustain the finding of contributory negligence.

The trial court found that the plaintiff was guilty of contributory negligence which would bar his recovery, and we are bound by that finding if it is sustained by substantial evidence and is not clearly erroneous.[1] Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A.; United States v. Oregon State Medical Society, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978; United States v. National Association of Real Estate Boards, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007; J. P. (Bum) Gibbins, Inc., v. Utah Home Fire Insurance Company, 10 Cir., 202 F.2d 469; Carnes v. United States, 10 Cir., 186 F.2d 648, 650. In Carnes v. United States, it was said:

"The question of whether appellant was guilty of contributory negligence was one of fact for the trial court's determination. It resolved this issue against him. There is sufficient evidence in the record to sustain the court's finding in this respect and this finding is binding on us on appeal."

We have examined the record and are of the opinion that the finding as to contributory negligence is supported by sufficient evidence and is not clearly erroneous. Without attempting to re- view the evidence in detail, it was shown that at about two o'clock in the morning of May 2, 1952, the defendant Mitchell

---

1. The finding of the court reads:

"The plaintiff, Melvin Yokley, also failed to use the degree of care and watchfulness required by the circumstances in that he entirely failed to observe the presence of the truck ahead of him in the street before the collision. At and before the moment of impact the truck was either stopped in the street, or moving ahead at a very slow rate of speed. The headlights of the tractor, and various clearance lights on the

tractor and trailer, were burning, and the conditions of illumination were such that the presence of the truck in the street should have been observed by the plaintiff in time to have avoided the collision, whereas in fact the plaintiff did not see the truck nor make any attempt to avoid the collision by stopping or retarding the speed of his car or changing its course, prior to the actual impact, or the instant immediately before the impact."

was driving a large truck [2] in the course of his employment and was about to enter one of the north and south streets in the City of Trinidad, Colorado, from a private road on the west side. He was driving very slowly and entered the street at a speed between two and five miles per hour. The driver had proceeded approximately seventeen feet into the street, at a northerly angle, when he observed an automobile two hundred to three hundred feet away approaching from the north. The driver testified that the headlights and other lights on the truck and trailer were all on; that the street was light from the street lights; and that when he saw the automobile approaching from the north, he stopped the truck and blinked his headlights in an attempt to attract the attention of the motorist. When the automobile was first seen by the truck driver, it was on the east side of the street, swerving wildly. It turned to the west side of the street and continued on without slackening its speed until it ran into the side of the truck immediately back of the cab. The plaintiff did not see the truck prior to the collision. There was no evidence that the brakes on the automobile had been applied. It was almost demolished and the plaintiff and a passenger were quite seriously injured. The truck driver estimated the speed of the automobile at about forty-five miles an hour, while the police officers estimated that it had been traveling thirty-five miles an hour. There was evidence that the plaintiff had been drinking intoxicating liquor prior to the accident, and his breath smelled strongly of liquor after the accident. The plaintiff and his passenger talked thickly and argued between themselves after they were injured. While there was a conflict in some of the evidence, it was the duty of the trial judge who had an opportunity to observe the demeanor of the witnesses and appraise their credibility, to determine the weight to be given their testimony. Zimmer v. Acheson, 10 Cir., 191 F.2d 209; American Home Fire Assurance Company v. Mid-West Enterprise Company, 10 Cir., 189 F.2d 528; Jones v. Grinnell, 10 Cir., 179 F.2d 873; National Refining Company v. Wagner, 10 Cir., 169 F.2d 43.

The fact that the plaintiff may have had the right of way did not absolve him from the duty to use due care in the operation of his automobile to avoid a collision. Prentiss v. Johnston, 119 Colo. 370, 203 P.2d 733; Denver Equipment Co. v. Newell, 115 Colo. 23, 169 P.2d 174; Independent Lumber Co. v. Leatherwood, 102 Colo. 460, 79 P.2d 1052.

Affirmed.

engine of the truck, two axles in the rear and two axles on the back of the trailer. Those on the tractor are driving axles." The length of the entire unit was forty-six feet and it weighed 30,000 pounds.

---

2. The truck was described by the driver as "a Peterbilt tractor that weighs 20,-000 pounds, equipped with a diesel engine, and a Brown trailer thirty-six feet long and a reefer unit on it. The combination had five axles and eighteen wheels. One axle is directly under the