No. 17,816.

JOHN E. ROSS, ET. AL. *v.* ARROW MANUFACTURING CO.

(299 P. [2d] 502)

Decided May 28, 1956.   Rehearing denied June 18, 1956.

Mr. WILLIAM C. MURRAY, JR., Mr. JOSEPH P. LEWIS, Messrs. KRIPKE & McLEAN, for plaintiffs in error.

Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr. ARTHUR K. UNDERWOOD, JR., for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THIS action is on a complaint filed by plaintiffs in error in which each claimed to be entitled to a share in a bonus

fund on the fiscal year's production of defendant. Trial was had to a jury. We refer to the parties as they appeared in the trial court. On March 1, 1955, and at the conclusion of plaintiffs' case, defendant moved for a dismissal of the action. This motion was overruled. Defendant then presented evidence, and at the close of defendant's case, plaintiffs moved for a directed verdict and the court directed a verdict against defendant in favor of each of the plaintiffs for the amounts prayed for in the complaint, being over $800 each.

The court entered an order allowing defendant thirty days within which to file a motion for a new trial. March 22, defendant filed a motion for judgment notwithstanding the verdict, or in the alternative for new trial. The result of the hearing on this motion was under advisement until July 20, 1955, when the trial court granted defendant's purported motion for judgment notwithstanding the verdict, and judgment was entered dismissing plaintiffs' complaint and motion for new trial dispensed with.

In due time plaintiffs have proceeded by a writ of error to this court and on December 30, 1955, filed their opening brief. However, on January 17, 1956, defendant filed a motion herein to remand the case to the trial court with direction for a ruling on the motion for new trial prior to a disposition of the present writ of error, and assert that the ruling by the trial court be operative only if the present judgment in favor of defendant is reversed, and that defendant's motion for new trial as made should be ruled upon by the trial court unless the present judgment in favor of defendant is affirmed.

We have had to refer to the record in the case in order to get a clear understanding of what transpired in the trial court, since the motion to remand provides no succinct statement of the case.

Such reference has revealed that defendant failed to move for a directed verdict at any time during the trial, which may be considered mandatory under Rule 50 (b)

R.C.P. Colo., before moving for judgment notwithstanding the verdict. The rule is as follows:

"Reservation of decision on motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * * A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. * * *."

██ We fail to observe the logic of defendant's present contention concerning the motion to remand. As above indicated the present judgment of the trial court is in defendant's favor and a ruling on defendant's alternative motion for a new trial would be of little consequence, because the court has already entered its order dispensing with a motion for new trial on the part of the losing party, who is now plaintiff in error here seeking to reverse the judgment of dismissal obtained by defendant. Under the plain wording of the rule above quoted defendant is not entitled to file a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, unless he has moved for a directed verdict at the close of all the evidence. We have reviewed the cases of *Singer v. Chitwood*, 126 Colo. 173, 247 P. (2d) 905, and *Montgomery Ward & Co. v. Duncan*, 311 U. S. 243, cited by petitioner and are of the opinion that they are not here applicable and are easily distinguishable from the case before us.

"Only a party who has first made a motion for a directed verdict may under Rule 50 (b) of the Federal Rules of Procedure, 28 U.S.C.A., move for judgment notwithstanding the verdict." *O'Malley v. Cover*, 221 Fed. (2d) 156.

Rule 50 (b) of the federal rules is identical with our own Rule 50 (b) R.C.P. Colo.

After full consideration of defendant's motion to remand, and in accord with the views herein expressed,

the motion to remand is denied and defendant in error directed to file its answer brief herein, which is long overdue pending the present motion, within fifteen days from the date of this order.