No. 18,520.

ARROW MANUFACTURING COMPANY *v.* JOHN E. ROSS, ET AL.

(346 P. [2d] 305)

Decided November 9, 1959.   Rehearing denied November 30, 1959.

1

2

Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr. ARTHUR K. UNDERWOOD, JR., for plaintiff in error.

Messrs. MCLEAN & MCLEAN, Messrs. LEWIS & MURRAY, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court, where plaintiff in error was defendant and defendants in error were plaintiffs.

The cause has been before this court on two former occasions and for a more complete understanding of the historical background we refer to *John E. Ross et al. v. Arrow Manufacturing Co.*, 133 Colo. 531, 299 P. (2d) 502, and *John E. Ross, et al. v. Arrow Manufacturing Company*, 134 Colo. 530, 307 P. (2d) 196.

The full record now before this court consists of the record presented in cause No. 17,816, with such additions thereto as were occasioned by the reversal of the judgment in that action. The original record was made before the Honorable Edward C. Day, then a judge of the district court. During the trial the court denied a motion to dismiss made by defendant at the conclusion of the evidence offered by plaintiff. After all the evidence was in, the court ordered a directed verdict for plaintiffs. Thereafter, upon motion of defendant for judgment notwithstanding the verdict, which was joined with a motion for a new trial, the trial court concluded that the evidence was insufficient to sustain the verdict and entered a judgment for defendant notwithstanding the verdict.

In action No. 17,816 above mentioned, this court held that the trial court was without authority to grant the motion for judgment notwithstanding the verdict for the reason that the motion therefor was not filed within the time required by Rule 50 (b) R.C.P. Colo. The cause was remanded to the trial court with directions to rule on the motion for a new trial. Following remand the motion for a new trial was heard by the Honorable William A. Black (The Honorable Edward C. Day having in the interim become a member of this court) and the said motion was denied. The record of the proceedings before Judge Black discloses that the original Reporter's Transcript was read by the court and that no new evidence was considered.

Plaintiff's claims were based upon their alleged right to participate in a bonus distributed by defendant to its employees for the year 1952, and the judgment of the trial court, here subject to review, awarded to plaintiffs a distributive share in said bonus. There is no substantial conflict in the evidence, but, even assuming there was, the judgment of the trial court was entered upon the printed record only. Under such circumstances this court is in as good a position as was the trial court to pass upon the same.

The sole question for determination is whether the evidence offered by plaintiffs is sufficient to support the judgment, and this question must be answered in the negative.

■ It is clear that plaintiffs were employed by defendant during the fiscal year of 1952 on an hourly basis; and that they appeared before their employer as a committee speaking for themselves and others similarly employed, asking for a raise in pay for work thereafter to be performed. This request was made some time in January or February of 1952. Plaintiffs were informed by defendant that no raise could be granted by reason of a regulation of the Wage Stabilization Board of the Federal Government; and that defendant would endeavor to procure permission from that Board to pay a bonus. Thereafter the employer did apply for authority to make such a bonus payment. All the conversations between plaintiffs and defendant related to future employment and nothing was at any time said and no understanding whatever was reached under which a retroactive bonus payment was involved.

■ The fiscal year of the defendant corporation ended on March 31 of each year. The request for authority to pay a bonus was not made until May of 1952 and was not granted until after plaintiffs had been laid off from employment due to lack of available work. When the final approval for the payment of a bonus was made by the Wage Stabilization Board it authorized the payment of a retroactive bonus for the fiscal year ending March 31, 1952. Plaintiffs knew nothing of this retroactive feature of the order of the Wage Stabilization Board, hence could not have been induced to continue in the employment of defendant in the expectation that they would share in a bonus for past services. Plaintiffs parted with no consideration upon which it could be contended that they had an agreement with their employer for the payment to them of a share in the authorized bonus. The distribution of a bonus by the employer

to any employees for the fiscal year ending March 31, 1952, was a mere gratuity.

The motion made at the conclusion of plaintiffs' case should have been sustained. The judgment is reversed and the cause remanded with direction to dismiss the action.

MR. JUSTICE DAY not participating.