No. 18,558.

WILLIAM E. CORNELL AND RODNEY MICHAEL CORNELL
BY WILLIAM E. CORNELL, FATHER AND NEXT FRIEND
*v.* JUANITA MAY DEUSER.
(347 P. [2d] 964)

Decided December 21, 1959.

Mr. EUGENE O. BIRD, for plaintiffs in error.

Messrs. RECTOR & KANE, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

This action is before us on writ of error to review a judgment of the district court of El Paso county entered on the verdict of a jury in favor of the defendant Juanita May Deuser. Plaintiffs in the trial court sought to recover damages for personal injuries allegedly sustained by them in an auto-pedestrian accident on a street in the city of Colorado Springs. Plaintiff Rodney Michael Cornell, a child three years of age, was struck by an automobile driven by Juanita May Deuser and suffered a broken leg and other injuries. Plaintiff William E. Cornell, father of Rodney, asserted a claim for expenses incurred for hospitalization and professional services made necessary in the treatment of his son.

Defendant was cross examined by counsel for the plaintiffs as an adverse party and among other things testified that she did not see the boy prior to the time he was struck; that she knew she struck something; stopped her car about seventy to eighty feet from where the boy fell and went back to where he lay in the street.

Among the instructions given to the jury was the following, to which counsel for plaintiffs made objection:

"You are instructed that a person driving upon the highway is entitled in the absence of actual knowledge to the contrary, to assume that it is safe to proceed on said highway at a lawful speed."

It is contended by counsel for defendant Deuser that this instruction correctly states the law as announced by this court in *Prentiss v. Johnston et al.,* 119 Colo. 370, 203 P. (2d) 733; *Ankeny v. Talbot et al.,* 126 Colo. 313, 250 P. (2d) 1019; and *Gallagher Transportation Company et al. v. Giggey,* 101 Colo. 116, 71 P. (2d) 1039.

We find nothing in the opinions in the cases cited which supports the giving of the instruction to

which objection is here made. In *Prentiss v. Johnston,* supra, the instruction considered was as follows:

"You are instructed that a person driving a motor vehicle on a highway has the right to rely upon observance of the law by other persons driving motor vehicles thereon, and that such person is not guilty of negligence in failing to anticipate that other drivers may violate the laws governing use of highways."

In *Ankeny v. Talbot,* supra, the rule of law embraced in the instruction given in the Prentiss case was approved by this court, but it falls far short of authorizing a statement that one can assume it is safe to drive an automobile on a street at a lawful speed unless he has "actual knowledge" of some fact or circumstance making it unsafe for him to do so. Such an instruction would relieve the driver of the necessity of using reasonable and ordinary care to observe the presence of children in the street, or any other circumstance or condition which would put him on notice that a dangerous situation was presented. The motorist is bound to know that which a reasonable person would ascertain by the exercise of ordinary care. The test is not whether a motorist has "actual knowledge" of a condition of danger, but rather whether in the exercise of ordinary care he should have known of the existence thereof. We cannot say that the erroneous instruction did not prejudice the rights of the plaintiffs.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.