Joann OLSEN, John P. Kiernan and Richard Ferguson, Plaintiffs–Appellees,

v.

BONDURANT AND COMPANY, a Colorado corporation, Larry M. Bondurant, Individually and as agent, director, and President of Bondurant and Company, Defendants–Appellants.

No. 84CA0690.

Colorado Court of Appeals, Div. I.

July 28, 1988.

Richard J. Lesch, Fogel, Keating & Wagner, William Keating, Denver, for plaintiffs-appellees.

Rothgerber, Appel & Powers, Gregory B. Kanan, Peter C. Forbes, Denver, for defendants-appellants.

CRISWELL, Judge.

Defendants, a licensed real estate broker and the corporation of which he is president, appeal the judgment of the trial court entered on a jury verdict that awarded to plaintiffs, licensed real estate salesmen employed by defendants, compensation for services rendered, together with penalties and attorney fees under the wage statute, § 8-4-101, et seq., C.R.S. (1986 Repl.Vol. 3B). We affirm.

Plaintiffs were engaged by defendants for the purpose of selling condominium units at a project known as Cottonwood Villas. Defendants had agreed with the owner of the project to market these units pursuant to a written agreement that provided that the owner would pay to defendants a "bonus" commission, if unit sales exceeded a specified number per week. That agreement also provided that 60% of any bonuses received by defendants were to be paid by them to their "sales associates."

Plaintiffs were originally engaged by defendants pursuant to a compensation plan that required them to be paid a flat fee for each unit sold, a portion of which fee was to be paid at the time of the closing upon the unit sold and a portion to be retained by defendants and paid at a later date. In addition, several weeks after their original engagement, plaintiffs were informed that they would be paid a bonus, if they collectively sold more than 20 units per month. This promise of an additional bonus was premised on the fact that the owner had agreed to additional commissions for defendants if a certain level of sales was achieved.

Defendants' contract with the project owner was terminated before all of the condominium units were sold. Thereafter, defendants paid an amount to each plaintiff that was claimed to be the total amount due under the applicable compensation plan. Claiming that the amounts paid by defendants were deficient because certain sums were improperly deducted and because neither the regular commissions for some 32 sales nor the promised bonuses were included, plaintiffs commenced this action.

The jury determined that each plaintiff was owed a substantial amount by defendants, and by special interrogatory it also found that defendants did not have any legal justification for withholding the amounts due. Therefore, the trial court assessed a fifty percent penalty against defendants under § 8–4–104(3), C.R.S. (1986 Repl.Vol. 3B), and awarded attorney fees to plaintiffs under § 8–4–114, C.R.S. (1986 Repl.Vol. 3B).

I.

Defendants first contend that the trial court erred by refusing to allow the jury to determine whether plaintiffs were employees of defendants or independent contractors for purposes of the wage statute. Since we conclude that, as a matter of law, plaintiffs were employees and not independent contractors, we reject this claim of error.

The wage statute, § 8–4–101(5), C.R.S. (1986 Repl.Vol. 3B), defines an employee as any person "performing labor or services for the benefit of an employer in which the employer has the right to command when, where, and how much labor or services shall be performed."

In *Faith Realty & Development Co. v. Industrial Commission*, 170 Colo. 215, 460 P.2d 228 (1969), the supreme court construed the then real estate broker's regulatory statute as envisioning "an employer-employee relationship [between broker and salesman] because it clothes the broker not only with the right to control his salesman but it also charges him with a duty to do so." Thus, the salesman is an employee of the broker for workmen's compensation purposes.

While the real estate licensing statute, § 12–61–101, et seq., C.R.S. (1985 Repl.Vol. 5), has undergone revisions since the date of the *Faith Realty* opinion, its provisions are still reflective of an employer-employee relationship between a licensed real estate broker and his licensed salesmen. The statute, § 12–61–101(3), C.R.S. (1985 Repl. Vol. 5), defines a "salesman" as a person *"employed* or engaged" by a broker to perform the activities of a broker under the statute. (emphasis added) Also, the salesman may be licensed as such only through the sponsorship of a broker who certifies that he shall supervise and train the salesman. Section 12–61–103(5), C.R.S. (1987 Cum.Supp.). In addition, the salesman's license is delivered to the custody of the broker "by whom he is *employed."* Section 12–61–104, C.R.S. (1985 Repl.Vol. 5) (emphasis added). In the event the salesman is discharged or his employment is terminated, his license must be surrendered to the Colorado Real Estate Commission. Section 12–61–109(3), C.R.S. (1985 Repl.Vol. 5). It is only when the salesman is subsequently employed by another broker that a new license is issued. Section 12–61–109(4), C.R.S. (1985 Repl.Vol. 5). A salesman may not receive compensation for real estate activities from anyone other than "his *employer,* who *must* be a licensed real estate broker." Section 12–61–117, C.R.S. (1985 Repl.Vol. 5) (emphasis added). A suspension, expiration or revocation of his broker's license automatically

cancels the salesman's license. Section 12–61–110(5), C.R.S. (1985 Repl.Vol. 5). Finally, the broker may have *his* license revoked if he "fails to exercise reasonable supervision over the activities of his licensed *employees*." Sections 12–61–117 and 12–61–113(1)(*o*), C.R.S. (1985 Repl.Vol. 5) (emphasis added). Under these provisions, a licensed salesman "functions only as an agent for the broker." *Becker v. Arnold*, 42 Colo.App. 178, 591 P.2d 596 (1979).

■ This statute necessarily requires the licensed broker to retain such right of control over the licensed salesman as to allow the broker, in his discretion, to direct the salesman "when, where and how much labor or services" are to be performed. It is this right to control, whether or not exercised, that is the determining factor whether an employer-employee relationship exists. *See Harris v. Bybee*, 527 P.2d 894 (Colo.App.1974) (not selected for official publication).

Hence, a licensed real estate salesman is, as a matter of law, the employee of the licensed real estate broker for whom he works, and there was no error committed by the trial court in refusing to allow the jury to pass upon this issue.

## II.

Defendants also assert that the trial court committed error in refusing to instruct the jury upon their claim that their agreement to pay any bonuses to plaintiffs was not supported by any consideration. We disagree.

Defendants claim that, since plaintiffs were already employed at an agreed level of compensation, defendants received nothing further from them in return for defendants' promise to pay plaintiffs additional compensation in the form of bonuses. However, there are at least two reasons why defendants' promise was, as a matter of law, supported by adequate consideration.

■ First, plaintiffs were employees at will, who could terminate their employment at any time, without cause or notice. *See Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987). They were not, therefore, obligated to continue to work for defendants for any period of time. Under such circumstances, an employer's offer of increased compensation to the employee is looked upon as an inducement to that employee to remain in the employer's service and to perform more efficient and faithful service. Since such result is beneficial to the employer, consideration for such promise is present. *Lampley v. Celebrity Homes, Inc.*, 42 Colo.App. 359, 594 P.2d 605 (1979). Unlike the offer involved in *Arrow Manufacturing Co. v. Ross*, 141 Colo. 1, 346 P.2d 305 (1959), defendants' offer for increased compensation here depended upon plaintiffs' future service; it was not a mere gratuity for services performed in the past.

■ Second, the agreement between defendants and the owner of the project for whom the realty sales were to be made called for defendants to pay such bonuses to plaintiffs. Thus, even if it is assumed, arguendo, that plaintiffs furnished no additional consideration for defendants' promise to pay the bonuses, the owner's promise to pay defendants an additional commission if the specified sales level was achieved constituted a benefit to the defendants as promisors and, thus, represented consideration for defendants' promise to pay the bonuses. The fact that consideration comes from a third party, rather than from the promisee, does not render the consideration legally insufficient. *See Sanders v. Black*, 136 Colo. 417, 318 P.2d 1100 (1957); 2 S. Williston, *Contracts* § 347 (W. Jaeger 3rd ed. 1959).

## III.

■ The statute of limitations defense asserted by defendants has no merit. That statute did not commence to run until plaintiff Ferguson's claim accrued; his claim for bonuses did not accrue until they became due and payable; and they did not become due and payable until the last unit was sold. Plaintiffs' suit was filed within an appropriate time from this last event. *See Wall v. Crawford*, 103 Colo. 66, 82 P.2d 749 (1938).

## IV.

■ We also disagree with defendant's claim that the court erred in allowing plain-

tiffs to present evidence with respect to the sale of 32 units in the so-called "Trans Meridian" transaction. While the evidence relating to that transaction was not referred to in the pre-trial order, plaintiffs represented, without dispute by defendants, that defendants failed to disclose the details of that transaction prior to trial, even though they had the information in their possession at all times. Under these circumstances, we see no basis for any claim that the trial court abused its discretion in allowing plaintiffs to present such evidence and to seek recovery of commissions based upon those sales. *See Landauer v. Huey*, 143 Colo. 76, 352 P.2d 302 (1960).

## V.

Contrary to defendants' further assertion, the trial court properly refused to instruct the jury upon the Colorado law as to the commissions to which a licensed real estate salesman is entitled, in the form requested by defendants. While the instruction appears to contain an accurate statement of the law in the abstract, it was not supported by the evidence. *See Prentiss v. Johnston*, 119 Colo. 370, 203 P.2d 733 (1949).

## VI.

Finally, we reject defendants' contention that they were entitled to an award of attorney fees. Although plaintiffs did not prevail on each of their claims, they prevailed generally. Defendants did not become a "winning party" under § 8-4-114, C.R.S. (1986 Repl.Vol. 3B), simply because plaintiffs did not prevail on each of their asserted claims. *See Oten v. Colorado Board of Social Services*, 738 P.2d 37 (Colo.App.1987); *Duran v. Lamm*, 644 P.2d 66 (Colo.App.1981).

Judgment affirmed.

PIERCE and METZGER, JJ., concur.