William R. CARUTHERS, Plaintiff,

v.

THE PROCTOR & GAMBLE MAN-
UFACTURING COMPANY, De-
fendant.

CIV.A. No. 96–2071–GTV.

United States District Court,
D. Kansas.

Jan. 13, 1998.

Richmond M. Enochs, Patrick F. Hulla, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Plaintiff.

Daniel B. Boatright, James G. Baker, Spencer, Fane, Britt & Browne, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on plaintiff's motions for attorney fees (Docs. 122 & 123).[1] Plaintiff predicates his requests both on his alleged prevailing party status as well as alleged discovery violations by defendant. For the reasons set forth below, the motions are denied.

### I. Background

Plaintiff originally filed this action alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. Plaintiff dropped the ERISA claim in his first amended complaint. The court then granted summary judgment to defendant on plaintiff's FMLA cause of action. See Caruthers v. Proctor and Gamble Mfg. Co., 961 F.Supp. 1484 (D.Kan.1997). The only claim proceeding to trial, therefore, was plaintiff's ADA claim.

On May 22, 1997, following a four-day trial, the jury returned a verdict finding that defendant had retaliated against plaintiff in violation of the ADA but that plaintiff had sustained no damages as a result of the unlawful retaliation. The court then held an evidentiary hearing on June 9, 1997 to determine plaintiff's possible entitlement to back pay and front pay. On September 25, 1997, the court issued an Order concluding that plaintiff had no right to any equitable relief.

Having exhausted the requisite consultations with opposing counsel, see D. Kan. R. 54.2, plaintiff's attorneys now move to recover the fees they incurred throughout this litigation.

### II. Discussion

■ As noted above, plaintiff anchors his attorney fee motions both on his alleged prevailing party status as well as alleged discovery violations by defendant. The court will address each theory in turn.

### A. Discovery Violations

Plaintiff first contends that he is entitled to attorney fees based on defendant's denials, in its responses to plaintiff's First Request for Admissions, that plaintiff has a "disability" and that plaintiff is a "qualified individual with a disability" as those terms are defined in the ADA. Fed.R.Civ.P. 37(c)(2) provides that a party who denies a request for admission may be liable for the expenses, including attorney fees, the opposing party incurs in later proving the truth of the matter. Specifically, the rule states:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36 [governing Requests for Admissions], and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making the proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D)

---

1. Plaintiff erroneously bases his "prevailing party" attorney fee request on 42 U.S.C. § 1988. This provision, which authorizes attorney fees for prevailing parties who bring suit under various federal statutes, has no application in this case. The ADA is not one of the statutes embraced by the fee-shifting provision in 42 U.S.C. § 1988(b). ADA attorney fee motions must be brought pursuant to 42 U.S.C. § 12205. The distinction is of little significance here, however, inasmuch as the Tenth Circuit has held that the standards applicable to 42 U.S.C. § 1988 and 42 U.S.C. § 12205 are identical. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1232 n. 7 (10th Cir.1997).

there was other good reason for the failure to admit.

*Id.* Unless one of the four exceptions identified in the rule is applicable, the award of expenses is mandatory. *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1554 (10th Cir.1996) (citing *Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 936 (9th Cir. 1994)).

Defendant insists that its denials of plaintiff's Requests for Admissions were reasonable and grounded in good faith. The court agrees. Throughout this litigation, defendant maintained that plaintiff was unqualified for other positions at the plant because he had not successfully completed various prerequisite job tests. Defendant claimed that under Tenth Circuit precedent, plaintiff could not show he was substantially limited in the life activity of working because his impairments did not significantly restrict his ability to perform "either a class of jobs or a broad range of jobs in various classes." *See MacDonald v. Delta Air Lines, Inc.,* 94 F.3d 1437, 1444 (10th Cir.1996) (citations omitted). Defendant further contended that plaintiff's acknowledged capacity to stand for up to two hours without aggravating his condition suggested his impairments were not sufficiently substantial to warrant relief under the ADA.

█ The jury apparently rejected defendant's theories. An adverse verdict, however, does not automatically justify an award of expenses under Rule 37(c)(2). "[T]he true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." Fed.R.Civ.P. 37(c) advisory committee's note to 1970 amendments. Based on the evidence presented and the legal arguments articulated during the pre-trial proceedings and at trial, the court concludes that defendant had reasonable grounds for denying plaintiff's Requests for Admissions. Accordingly, plaintiff's motion for attorney fees based on defendant's alleged discovery violations is denied.

### B. Prevailing Party

█ The parties dispute whether plaintiff is a prevailing party in this litigation. Although the jury determined that defendant retaliated against plaintiff in violation of the ADA, the jury also concluded that plaintiff sustained no damages from defendant's conduct. The court echoed this sentiment in its post-trial Order denying plaintiff all requested equitable relief. Defendant now avers that the complete denial of legal and equitable remedies precludes the conferment of prevailing party status upon plaintiff.

█ The Supreme Court has adopted a broad interpretation of the term "prevailing party." Under the Court's "generous formulation," a plaintiff prevails if "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 572–74, 121 L.Ed.2d 494 (1992). Although the prevailing party inquiry does not turn on the magnitude of relief obtained, "prevailing party" status does require that a plaintiff secure at least some relief on the merits of his claim in the form of an enforceable judgment against the defendant or comparable relief. *Id.* at 111, 113 S.Ct. at 572–73.

In the case at bar, there has been no material alteration in the relationship between the parties. Plaintiff received neither nominal damages nor equitable relief. In sum, defendant owes plaintiff nothing. Nevertheless, plaintiff maintains that he has "furthered the statutory purpose of vindicating important civil rights" and should not be denied attorney fees merely because he had no monetary success. The court rejects this argument.

Plaintiff filed this suit seeking only one remedy—money. His complete failure to obtain relief under such circumstances renders his "victory" a technical and insignificant achievement, ineligible for an attorney fee award. *See Farrar,* 506 U.S. at 113–15, 113 S.Ct. at 574–75; *Canup v. Chipman-Union, Inc.,* 123 F.3d 1440, 1442–45 (11th Cir.1997) (plaintiff who successfully convinced jury that his employer had unlawfully considered his race in its termination decision but who received no legal or equitable relief was not a prevailing party and thus not entitled to attorney fees). Furthermore,

plaintiff's "victory" had no significant implications in establishing the parameters of civil rights of similarly situated individuals. Unlike the prevailing parties in *Phelps v. Hamilton*, 120 F.3d 1126 (10th Cir.1997) and *Koopman v. Water Dist. No. 1*, 41 F.3d 1417 (10th Cir.1994), each of whom received either nominal damages or equitable relief and whose cases clarified the scope of constitutional rights in previously unchartered territories, plaintiff's lawsuit merely reaffirmed the well-established principle that employers may not retaliate against individuals for engaging in protected conduct.

■ If plaintiff had pursued a constitutional claim rather than a statutory cause of action, his argument might be slightly more compelling. Indeed, the Supreme Court has held that certain constitutional rights are "absolute," thereby entitling prevailing parties to nominal damages even in the absence of any proof of actual injury. *Carey v. Piphus*, 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978). In such scenarios, the grant of nominal damages would alter the relationship between the parties and potentially justify an attorney fee award. This principle, however, does not extend to cases seeking the vindication of purely statutory rights. *See Kerr–Selgas v. American Airlines, Inc.*, 69 F.3d 1205, 1215 (1st Cir.1995) (jury verdict finding defendant liable for intentional discrimination under 42 U.S.C. § 1981a but awarding no damages does not compel nominal damage award absent timely request); *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 844–45 (11th Cir.1991) (jury verdict finding defendant liable for Title VII sexual harassment but

awarding no damages does not mandate award of nominal damages). *Contra Hicks v. Brown Group, Inc.*, 902 F.2d 630, 652–54 (8th Cir.1990) (employee whom jury determined had been discriminated against in violation of 42 U.S.C. § 1981, and who received no compensatory and $10,000 in punitive damages was automatically entitled to nominal damage additur of $1), *vacated on other grounds*, 499 U.S. 914, 111 S.Ct. 1299, 113 L.Ed.2d 234 (1991).[2]

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motions for attorney fees based on his alleged prevailing party status (Doc. 122) and defendant's alleged discovery violations (Doc. 123) are denied.

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 134) to stay a ruling on his attorney fee requests is denied as moot.

**IT IS SO ORDERED.**

---

**2.** To the extent *Hicks* even remains good law—the decision itself was vacated and the First and Eleventh Circuits rejected its nominal damages analysis in *Kerr–Selgas* and *Walker*—this court declines to follow its holding. First, the court does not believe that statutory violations must be redressed, as a matter of law, with no less than nominal damages. The Supreme Court ordered an award of nominal damages in *Carey* only because the federal constitutional right at issue there—procedural due process—is an "absolute" right so important to organized society that the law mandates a scrupulous observance even in the absence of actual injury. 435 U.S. at 266, 98 S.Ct. at 1053–54. Statutory rights are simply not accorded the same degree of protection. *Walker*, 944 F.2d at 845. Second, awarding nominal damages in this case would entail an unconstitu-

tional reexamination of the jury verdict in violation of the Seventh Amendment. *See Estes v. Southern Pac. Transp. Co.*, 598 F.2d 1195, 1199 (10th Cir.1979) (citing *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935)). Third, even if it would be appropriate to order nominal damages, plaintiff's failure to seek such damages in a timely post-trial motion or to request a jury instruction on the issue precludes him from seeking nominal damages at the present time. *See* Fed.R.Civ.P. 59(e) (motions to alter or amend judgment must be filed within ten days after entry of judgment); Fed.R.Civ.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict . . . .").