Lance CARR, Plaintiff,

v.

THE FORT MORGAN SCHOOL DISTRICT, a body corporate.

No. 96–WY–670–AJ.

United States District Court, D. Colorado.

April 17, 1998.

John A. Culver, Seth J. Benezra, Roman, Benezra & Culver, LLC, Lakewood, CO, for Plaintiff.

Daniel M. Fowler, Katherine Taylor Eubank, Fowler, Schimberg & Flanagan, PC, Denver, CO, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND ORDER AWARDING ATTORNEY FEES

ALAN B. JOHNSON, Chief Judge, Sitting by Designation.

Plaintiff Lance Carr's Motion for Attorney Fees and the defendant's opposition thereto came before the Court for hearing on December 16, 1997. Counsel for the parties appeared, presented evidence and their arguments with respect to plaintiff's motion for attorney fees and costs. The Court, having considered the motion and response, the arguments of counsel, the applicable law, and being fully advised, FINDS that the Motion for Attorney Fees and Costs should be **GRANTED,** as provided below.

Plaintiff asserts he is the prevailing party entitled to a full award of attorney's fees and costs. He seeks total attorney fees in the amount of $210,505.00, and also sees a fee enhancement of 30%, for a total of $273,656.00 in attorney fees as the prevailing party in this matter.

Plaintiff states that counsel exercised billing judgment, and reduced fees and costs by 1) not seeking fees for approximately 100 hours of legal research (reducing costs in the amount of $18,000); 2) employing a private investigator to contact witnesses and conduct initial investigations at a savings to the defendant of approximately $100/hr.; 3) omitting charges for long distance telephone calls to the Fort Morgan area at an estimated savings of several hundreds of dollars; and 4) employing volunteer legal interns to perform much legal research, saving defendant approximately $10,000.

Defendant opposes the fee request, arguing that while plaintiff obtained *some* of the benefits sought by the suit, he achieved "only partial and very limited success." Defendant seeks reduction of the hourly rates and hours reasonably expended as necessary, particularly with respect to John Culver. Defendant asserts that as an attorney who had only been admitted to the bar in 1992, the rate of $175.00/hr. is excessive.

Defendant argues that the fee award should not include any amounts for unrelated state tort claims which were subsequently dismissed, which total, using defendant's calculations of $2,156.50. Defendant asserts that it should not be required to pay expert fees accrued by plaintiff's use of experts relating to accessibility issues, in the approximate total of $9,326.50.

Defendant argues the billing entries are duplicative and vague. The requests for payments related to unknown witnesses are unreasonable. The fee request includes unnecessary time spent by the paralegal to prepare trial notebooks and exhibits in a total amount of $1,140.00. Defendant also con-

tends that the time records are not sufficient. Plaintiff should not be awarded fees sought while pursuing the EEOC charge of discrimination because plaintiff gave up that avenue of recourse and elected civil litigation instead.

Defendant also opposes any award for an enhancement that would adjust the lodestar amount upward. Defendant argues that this was not an exceedingly difficult case, and that while counsel performed in a workmanlike manner, the case itself was not such that it lends itself to a fee enhancement. It did not prevent novel or complex issues or issues that required unusual or specialized expertise on the part of counsel.

Plaintiff's reply asserts this was a "difficult failure to hire" case. Plaintiff additionally argues that the John Culver rate is not unreasonable. Plaintiff's expert (Darold W. Killmer) disputes the contention of defendant's expert (Cathy Havener Greer) that Culver's hourly rate is too high and contends that this requires the Court to consider more than simply the number of years out of law school and instead whether Culver demonstrated the skill and ability of a seasoned attorney so as to justify the hourly rate of $175.00 per hour.

Plaintiff argues the number of hours expended are reasonable and consistent with prevailing market rates. Plaintiff argues that accessibility issues were in fact considered and presented as evidence during the trial, as relevant to the failure to hire claim (i.e., whether the district had accessibility problems, and if so, whether that may have motivated the district in its decision not to hire plaintiff).

Plaintiff notes that defendant's expert concedes that the plaintiff's paralegal hourly rate of $50 per hour is consistent with the prevailing market rate and where her work was more than clerical, paralegal rates are recoverable. Plaintiff asserts the billing time records are sufficient, and also, that the time spend in the related EEOC administrative proceedings is recoverable.

Plaintiff states that he prevailed on both major claims advanced—failure to hire under the ADA and failure to hire under the Rehabilitation Act. He received damages in every category in which the jury could have awarded him damages, including back pay, compensatory damages, and front pay. Plaintiff argues the results were "excellent." Very early in the case, plaintiff stipulated to (prior to formal discovery), dismissal of two state tort claims. However, where all the claims were based on the same core of facts the trial court does not need to reduce the requested award for attorney's fees even though plaintiff did not prevail on all claims. Plaintiff also argues that defendant gives too much credit to its settlement offers to plaintiff—until only about two weeks before trial, defendant had offered only $5,000 to settle the case. The $50,000 was offered on the eve of trial and did not include instatement, injunctive relief, or take into account attorneys' fees that had been billed up to that point.

Plaintiff seeks a fee enhancement for achieving excellent results. This is the only case known to the best of plaintiff's counsel's knowledge and the knowledge of the expert Mr. Killmer that has successfully asserted a failure to hire claim under the ADA in the U.S. District Court for the District of Colorado. The result is far reaching because it sends a message to the business community that failure to hire disability cases can and will be successfully prosecuted in this district.

Plaintiff also seeks to recover the full cost of litigating the fee petition and post-trial motions. Through December of 1997, additional attorney fees were incurred in the amount of $5,468.50 on the attorney fee and bill of cost issues, as well as the motion for instatement, front pay, injunctive relief, and prejudgment interest.

### Discussion

██ Several values are served by an award of attorney's fees to prevailing parties in employment discrimination litigation. The potential for court-awarded attorney's fees serves in some cases as a deterrent to unlawful discrimination and may encourage organizations and individuals to change discriminatory practices in the work place. Litigation in the employment discrimination arena is frequently expensive and beyond the resources of the individual victim of intentional

discrimination, who may be pitted against a better financed employer or a public entity. Counsel recognizing the financial disadvantages may be reluctant to accept discrimination litigation and the injured plaintiff may be reluctant to proceed to challenge unlawful and discriminatory practices. Fee awards to prevailing parties attacks both barriers to this type of litigation and discriminatory practices in the work place. A fee should be awarded in proper cases to encourage individuals injured by discrimination to seek judicial relief. *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 401–402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Cooper v. Cobe Laboratories, Inc.*, 743 F.Supp. 1422, 1436 (D.Colo. 1990).

42 U.S.C. § 12205, entitled "Attorney's fees," provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

29 U.S.C. § 794a, entitled remedies and attorney fees, provides, in relevant part:

> (b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ The Tenth Circuit has also stated that there is no basis for treating a plaintiff proceeding under the ADA differently from a plaintiff claiming a fee award under Title VII or section 1988. *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir.1997). The "primary principle" to be applied by the district court is that a "prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.*, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). Fee awards are not merely permissive.

■ In order to receive a fee award, the plaintiff must be a "prevailing party." The plaintiff may be considered a "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir.1978). The Supreme Court has adopted a "generous formulation" where a plaintiff will be a "prevailing party" if "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992); *see also Caruthers v. The Proctor & Gamble Manufacturing Company*, 1998 WL 45289 (D.Kan.1998).

■ In this case, there is no question that the plaintiff is the prevailing party and that he achieved all of the benefits he sought in bringing suit. This is even more evident after considering this Court's separate order requiring the defendant to instate plaintiff in a mathematics teaching position in the Fort Morgan School District. The defendant has raised weak arguments that the plaintiff achieved only partial or limited success, relying on the facts that state law claims were dismissed pursuant to stipulation early in the case and that the jury's advisory verdict as to front pay was limited. The Court rejects these arguments as a basis for declining to award plaintiff prevailing party attorney's fees in this case. The Court finds plaintiff was a prevailing party, within the meaning of the applicable statutes and law.

The plaintiff's counsel seek attorney's fees at the hourly rate of $185.00 for Seth Benezra; $175.00 for John Culver; $185.00 for Gilbert Roman. Defendant contends that the rate for John Culver is excessive and that a more reasonable rather for an attorney with his experience is $125.00 per hour.

The defendant asserts that the total hours claimed by the plaintiff are not reasonable and should not be applied to the applicable hourly rate. Defendant offers the affidavit

of Cathy Havener Greer, an employment attorney practicing in Colorado, in support of its position. Greer concludes that the hourly rates provided by plaintiff's counsel were excessive, that they spent an unreasonable amount of time in trial preparation, that their fee submittals lack specificity, and that plaintiff's counsel did not attempt to edit their time.

The beginning point for this Court's analysis in calculating a reasonable fee is based upon guidance found in and derived from the Supreme Court's *Hensley* opinion. The United States Supreme Court has held that the "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate based on the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

> To determine a reasonable attorneys fee, the district court must arrive at a "lodestar" figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate.

*Jane L. v. Bangerter,* 61 F.3d 1505 (10th Cir.1995), citing *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541 and *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933.

Here, plaintiff's complaint, based upon a common core of operative facts, asserted federal and state claims against the defendant. State law claims were dismissed by stipulation early in the proceedings. Certain case law suggests that a prevailing plaintiff's fee should not always be awarded where state law claims are dismissed or where the claims do not involve the same common core of facts or are not based on related legal theories. *See e.g., Hensley v.* Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983); *Spulak v. K Mart Corp.,* 894 F.2d 1150, 1160 (10th Cir.1990); *Whalen v. Unit Rig, Inc.,* 974 F.2d 1248 (10th Cir.1992).

■ The Court has already determined that the plaintiff did not achieve "partial or limited" success, as has been urged by defendant. The lawsuit resulted in achieving all relief sought, including an order for instatement in the defendant's school system as a mathematics teacher. That he voluntarily stipulated to dismissal of the two state court claims does not diminish this fact. The claims were all based on the same common core of facts and thus, the Court finds that there is no need to reduce the lodestar fee amount for this reason.

Reviewing the parties' submissions, the Court finds that the hourly rates requested are not excessive and do reflect prevailing market rates in the relevant community. The determination of a lodestar amount reflecting those prevailing market rates for attorney services will vary substantially with the underlying facts and circumstances of each case.

Hourly rates averaging or exceeding $200.00 per hour for services of experienced litigation counsel have been awarded in Title VII cases. For example, in *Goodwin v. M.C.I. Comm. Corp.,* Civ. Action No. 94–D–1869, 1996 WL 162275 (D.Colo.1996), Judge Daniel awarded plaintiff's lead counsel $200.00 per hour. Fees ranging between $180.00 and $220.00 an hour have been awarded by Judge Weinshienk in *Gormley et al. v. Phillip Lowery et al.,* Civ. Action No. 91–Z–1331 (D.Colo.1994). In 1996, this Court has awarded attorney fees in *Thornton v. Kaplan,* 95–WY–1520, at the reduced rate of $200 per hour. The Court finds that the hourly rates requested for attorney services in this case are reasonable and within the range of fees prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation. These rates for attorney fees shall be approved as follows:

| | |
|---|---|
| Seth Benezra: | $185.00 per hour |
| John Culver: | $175.00 per hour |
| Gilbert Roman: | $185.00 per hour |

■ The Court does not find defendant's argument that John Culver's rate should be reduced to $125 per hour to be persuasive. There is simply no evidence before this Court that supports the suggestion that attorney Culver's rate should be reduced solely because he is inexperienced or has belonged to Colorado Bar since only 1992.

A consideration of the total time spent in prosecution of the case by plaintiff's counsel is also required. The initial fee applicable sought compensation for 1122.2 total hours at the rates set forth above for each of the attorneys that worked on the case. Of this amount, 196.3 hours were for attorney time spent for trial and trial preparation during the time of trial, from September 22–October 6, 1997, where the court's minute sheets indicate that trial time during that period totaled 76.5 hours. The total hours include approximately 79 hours for the paralegal employed by plaintiff's counsel to attend trial, in order to coordinate witnesses during the trial and provide other assistance. The billing statements reflect that 52.9 hours are clearly attributable to "research." There are 441.1 hours itemized on the statements as time for "trial preparation" and many hours for telephone calls, travel to and from witness meetings and interviews. A significant amount of time was devoted to discovery and the deposition process. For example, 40.2 hours were chargeable to the Apking deposition and preparation for that deposition. The billing statements reflect that counsel began working on plaintiff's case in November 2, 1995, with the final itemization (excluding time reflected in counsels' supplemental fee applications) listed October 6, 1997.

The total fees and hours requested in the initial fee application for each attorney and the paralegal break out as follows:

| | |
|---|---|
| Seth Benezra: | 552 hours at $185.00/hr = $102,120.00 |
| John Culver: | 534.2 hours at $175.00/hr = $93,485.00 |
| Gilbert Roman: | 36 hours at $185.00/hr = $6,660.00 |
| Paralegal: | 164.8 hours at $50.00/hr = $8,240.00 |

These statements reflect that the attorneys for plaintiff engaged in constant collaboration, discussion and review of work of one by the other. Itemizations disclose conferences regarding what appear to be even mundane matters. If the attorneys possess the skill required to charge the rates they are charging for their legal services, which this Court has determined they do, such constant collaboration, review, preparation and consultation is not necessary. Counsel seeking attorney's fees must keep sufficient time records for a court to determine which hours are reasonably expended on a case. *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983). "When scrutinizing the actual hours reported, the district court should distinguish 'raw' time from 'hard' or 'billable' time to determine the number of hours reasonably expended." *Id.* Here, the Court is not satisfied that the attorneys' fee submissions are thorough, adequate contemporaneous and detailed records of time spent working on plaintiff's case. The billing records must explain how hours worked were allotted to specific tasks. Statements of "trial preparation," for instance, are not adequate. Because the billing statements do not permit dissection of what appear to be duplicative entries for charges with ease or accuracy, the Court has determined that an across-the-board 15% reduction of overall attorneys' fees charged in this case is appropriate.

The Court finds total time claimed by counsel for plaintiff is excessive and unreasonable. The Court finds that an adjustment to the total time for each attorney and the paralegal shall be reduced 15% across-the-board. Thus, the adjustment will reflect the following:

| | |
|---|---|
| Seth Benezra: | 552 hours − 82.8 = 469.2 hours at $185/hr = $86,-802.00 |
| John Culver: | 534.2 hours − 80.13 = 454.07 hours at $175/hr = $79,462.25 |
| Gilbert Roman: | 36 hours − 5.4 = 30.6 hours at $185/hr = $5,661.00 |
| Paralegal: | 164.8 hours − 24.72 = 140.08 hours at $50/hr = $7,004.00 |
| TOTAL: | $178,929.25 ATTORNEYS FEES |

This 15% reduction is intended to account for the excessive time spent by counsel with their client and each other, for time questionably spent by the paralegal in trial, and in excessive "trial preparation." Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees in the lodestar amount of $178,929.25.

■ The Court will deny plaintiff's request for a 30% enhancement to the lodestar fee. While counsel for plaintiff were always prepared and performed excellent legal work, achieving very favorable results for their client, the plaintiff's case is not such that it lends itself to an enhancement award. The case presented straightforward legal questions and issues and required straightforward factual development at trial. The case did not present novel or complex issues; it did not present issues that required unusual or special expertise on the part of counsel.

The United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, stated that exceptional success in a case may justify an enhanced fee award. 103 S.Ct. at 1940. The concept of "exceptional success" is discussed as well in *Ramos v. Lamm*, 713 F.2d at 557, and is characterized as a genius bonus. *Id.* There the court stated:

"Exceptional success" justifying an enhanced fee may be based upon the performance of counsel—for example, victory under unusually difficult circumstances or with an extraordinary economy of time—or upon the result achieved—total victory or establishment of significant new law.

We do not discount the possibility that in a particular case the plaintiff's lawyers may have performed so brilliantly that extraordinary compensation is warranted. But we think that this genius factor diminishes and eventually disappears as the number of hours expended on the case increases. A brilliant idea may shortcut one aspect of the case and save many hours, but in protracted litigation a lawyer is also likely to pursue blind alleys and expend many unproductive hours. In a case such as the one at bar, in which more than 9000 hours were reported, we do not believe that any adjustment for extraordinary performance could be warranted. We also believe that the greater the number of attorneys involved on a side, the less likely it is that an extraordinary performance bonus is appropriate. Here the plaintiffs utilized 12 attorneys, 5 of whom expended more than 200 hours. In such a case it is unlikely that the genius of one

lawyer will so affect the case that a bonus would be warranted. Furthermore, in awarding a genius bonus the district court should take care not to duplicate the skill reflected in the attorney's billing rate. Thus, we believe that bonuses or multipliers of the normal fee because of the extraordinary skill of counsel should be rarely awarded, and should be confined to cases in which the bulk of the work was done by a single attorney who exhibits extraordinary skill or to cases in which the work was done well in a relatively short time given the complexity of the task.

Another enhancement factor often mentioned is the undesirability of the case. Because civil rights cases now comprise a large part of all federal trial and appellate litigation, a significant portion of the bar is regularly participating in civil rights litigation; thus, no real stigma remains associated with these cases. Situations in which great courage is required to undertake a case, like that confronting the fictional lawyer in To Kill a Mockingbird, may still exist. But a bonus for the social stigma assumed by a lawyer participating in civil rights litigation should be rarely given.

*Id.* The instant case is not one where a fee enhancement is warranted. The Court finds that an enhancement is not appropriate in this case and the plaintiff's request for an enhancement will be denied.

Additionally, counsel for plaintiff filed at the hearing a motion and supporting affidavits seeking attorneys fees incurred in connection with preparing the motion for attorneys' fees, bill of costs, and post-trial motions. The Court has reviewed these charges and the time spent and finds that they are reasonable and should be approved. Thus, plaintiff shall also recover attorney's fees incurred in the amount of $1,988.50 (11.7 hours) from October 8, 1997 to October 17, 1997 (involving post-trial motion preparation and the like). Plaintiff shall also recover fees for preparation for and attendance at the hearing on the post-trial motions in December of 1997, as follows:

Seth Benezra: 7.3 hours at $185.00 = $1,350.00

John Culver: 13.2 hours at $175.00 = $2,310.00

Thus, the Court will approve a total amount of $5,648.50 as and for fees incurred after the date of trial in conjunction with preparation for and attendance at post-trial hearings on motions, including the motion for attorney's fees, motion for instatement, the bill of costs and necessary responses.

The Court will approve the bill of costs taxed by the Clerk of Court in the total amount of $3,999.34, as itemized more specifically in the "Addendum to Bill of Costs" filed by plaintiff on November 12, 1997 following hearing with the Clerk of Court as to plaintiff's previously filed Bill of Costs.[1]

Accordingly, in accordance with the foregoing, it is therefore

**ORDERED** that plaintiff's Motion for Attorney's Fees shall be, and is, **GRANTED.** It is further

**ORDERED** that plaintiff shall be, and is, entitled to recover of the defendant his attorney's fees in the total amount of $184,577.75, plus costs of this action, plus post-judgment interest at the statutory rate provided by law.

---

1. Plaintiff's initial bill of costs apparently totaled $47,399.75, as reflected in his "Certification Pursuant to D.C. Colo. L.R. 54.1" filed November 3, 1997. An Addendum to the Bill of Costs was filed November 12, 1997, following a hearing in which the Clerk of Court directed counsel to file the addendum. Plaintiff reserved the right to

appeal from the Clerk of the Court's determination as to what constitutes taxable costs in this matter pursuant to statute and to seek an award of costs incurred by plaintiff in another forum. No such appeal has been presented to this Court for disposition as of this date.