## WYMOND *v.* AMSBURY.

TRESPASS *against officer for seizing goods, exempt.* If goods exempt from seizure and sale under legal process are taken in execution during the temporary absence from home of the debtor and his family, he may, nevertheless, maintain an action of trespass under the statute (R. S. 380), for treble the value of the goods so taken.

EVIDENCE *as to process under which seizure was made.* In trespass against an officer for taking goods which are exempt from seizure and sale under legal process, it is not necessary to prove the official character of the officer who issued the writ under which defendant acted.

*As to official character of defendant.* Nor is it necessary to prove the official character of the defendant in the suit.

*As to kind of goods taken.* In such action if the alleged wrongful seizure was of household goods, it should appear that they were kept for the use of the debtor and his family, and that they were such as mentioned in the statute (R. S. 380), or if of other kinds, that they were of no greater value than the statute allows.

PRACTICE — *verdict may be for single or treble damages.* In such action treble damages may be returned by the jury, or single damages may be returned, and the court may give judgment for three times the amount so returned.

But if the jury are instructed that, upon making out his case, the plaintiff will be entitled to treble damages, the court cannot assume that the damages returned are single, and render judgment for three times the amount.

*Verdict where there are counts upon the statute and in the common form.* And where the declaration contains counts for treble damages, and a count in the ordinary form for single damages, a general verdict upon all the counts cannot be applied to those which are founded upon the statute.

*Error to Probate Court, Clear Creek County.*

TRESPASS by defendant in error against plaintiff in error in probate court of Clear Creek county. It was averred in

the declaration, that defendant was a constable of the county of Clear Creek, and that, in virtue of a writ of attachment issued by L. F. Yates, a justice of the peace, at the suit of one Webster, and against the plaintiff below, the defendant levied upon certain wearing apparel, household furniture and books belonging to the plaintiff, which were by law exempt from such seizure, the plaintiff being the head of a family and a resident of the said county. This is the first count of the declaration; in other counts, after setting forth the seizure under the writ of attachment, it was averred that judgment was obtained in the action and execution issued, upon which the goods were sold; the last count was in the ordinary form trespass *de bonis*. The defendant pleaded not guilty, upon which a trial was had before a jury. The statute under which it was claimed that the goods were exempt from seizure and sale is as follows:

"The following property, when owned by any person being the head of a family and residing with the same, shall be exempt from levy and sale upon any execution or writ of attachment or distress for rent. * * * * *Fourth.* All wearing apparel of the debtor and his family; all beds, bedsteads and bedding kept and used for the debtor and his family; all stoves and appendages kept for the use of the debtor and his family; all cooking utensils, and all the household furniture not herein enumerated, not exceeding one hundred dollars in value. * * * * *Seventh.* The library and implements of any professional man, not exceeding three hundred dollars."

Four counts of the declaration were founded upon the following statute:

"SEC. 35. If any officer or other person, by virtue of any execution or other process, or by any right of distress, shall take or seize any of the articles of property hereinbefore exempted from levy and sale, such officer or person shall be liable to the party injured for three times the value of the property illegally taken or seized, to be recovered by action of trespass, with costs of suit."

Upon request of the plaintiff, the court charged as follows:

1. The court instructs the jury that if they believe from the evidence that the defendant levied upon the goods mentioned in the declaration by virtue of a writ of attachment, and that said goods were exempt by the statute of this territory, the plaintiff is entitled to recover three times the value of such goods, unless the defendant has shown that such goods were liable to attachment by reason of the departure of the plaintiff from this territory with intent to change his residence.

2. That the burden of proof is upon the defendant to show a removal from this territory after a residence once shown in the territory, and that a temporary absence with intention to return is not a removal so far as this case is concerned.

Mr. Justice BELFORD took no part in the decision.

Mr. HUGH BUTLER, for plaintiff in error

Mr. R. S. MORRISON, *contra.*

HALLETT, C. J.   The declaration contains five counts, four of which are based upon the statute giving treble damages in case of an illegal seizure of property exempt from execution and attachment (R. S. 380), and the fifth count is in the ordinary form of trespass *de bonis*. It appears that defendant in error set out with his family upon a visit to the east, leaving his goods stored in the house which he had previously occupied, where plaintiff in error found them, and levied on them immediately afterward, under a writ of attachment issued by a justice of the peace at the suit of one Webster, and against the property of defendant in error.   We are not informed by the evidence whether the journey was made with a view to a change of residence, but it appears that defendant in error returned after an absence of four or five months.   The fact that he went out of the territory and returned after a time is not alone sufficient to show a change of residence.   Nor is it material that at the

time of seizure the goods were not in actual use. The property exempt from levy and sale is, of course, designed for the use of the debtor and his family, whenever they are at their place of abode, but if called away from his home, the law will protect the debtor's property as well in his absence as when he is present with it.

The essential thing is, that a residence shall be maintained; and when this is done, I conceive that the property mentioned in the statute may remain for the use of the debtor and his family whenever they may return to it. Of course an absence long protracted may become evidence of a change of residence, and numerous circumstances may arise to prove the same fact. But this does not disprove the proposition that the statute affords its protection during the temporary absence of the debtor from his home, which is so reasonable and just, that I think it should be maintained.

The objection, that the official character of the justice who issued the attachment and execution is not shown, is met by the fact that the plaintiff in error received those writs and acted in obedience to them. He should not repudiate the authority under which he acted in seizing the goods, because, in accepting it, he gave full assurance of its validity. So, also, as to his own official character, if plaintiff in error assumed to act as a constable, for the purposes of this suit, he must be regarded as such officer. Defendant in error testified that he was the owner of the goods taken. And as to the wearing apparel, this was probably sufficient, for as to such goods, the ownership may show the use to which they were applied. But in household goods, such as beds and bedding, and the like, the statute protects only such as are kept for the use of the debtor and his family, and these must be of certain kinds, which are described, or if of other kinds, not exceeding one hundred dollars in value. The evidence is silent as to the use of the goods by defendant in error, and his family, and the value of those not enumerated in the statute, points upon which it should be explicit. Nothing was said in argument as to the sufficiency

of the evidence in this regard, and these remarks are made for the guidance of parties in another trial. The court instructed the jury that if the goods were taken in attachment, and were exempt by law, the plaintiff below was entitled to three times their value. The verdict returned is, in terms, for the value of the goods, but whether this was the single or treble value, we are not informed. If we could look into the evidence, and determine what was accepted by the jury, perhaps we could ascertain whether the amount specified is the single value or a greater sum, but this we are not inclined to do. There are authorities to the effect that the amount returned should be regarded as the single value of the goods taken. *Beekman* v. *Cholmen,* 1 Cow. 384 ; *Warren* v. *Doolittle,* 5 id. 684 ; *Newcomb* v. *Butterfield,* 8 Johns. 264 ; *Cooper* v. *Maupin,* 6 Mo. 634. But this rule cannot be applied to a case in which the jury have been instructed to find treble damages. *Brewster* v. *Link,* 28 Mo. 148. Where, as in the case at bar, such an instruction has been given, it is fair to presume that the jury have obeyed it, and obviously in such case the court can add nothing to their verdict. That single damages may be returned, and that the court may, when the facts will warrant it, enter judgment for treble the amount so returned, is shown by the authorities cited, but there can be no objection to the practice of requiring the jury to return treble damages, and so the court declare in the case in 5 Cowen. It is needless to say, however, that but one of these methods of proceeding can be adopted, and here there is reason to believe that both were resorted to. It will be observed, also, that the verdict is general, and we are unable determine whether it was found upon the statutory or common-law counts of the declaration. This was considered a fatal objection in *Brewster* v. *Link, supra,* and upon good reason ; for if the verdict was based upon the common-law count of the declaration, neither the court nor the jury could treble the damages.

The judgment of the probate court is reversed with costs, and the cause is remanded for a new trial.

*Reversed.*