# United States Court of Appeals
## For the First Circuit

No. 99-1914

LYDIA LIBERTAD; EMILIA EMANCIPACION; GRUPO PRO DERECHOS
REPRODUCTIVOS; MARY RIVERA; SOCIEDAD INSTITUTO GINECO-
QUIRURGICO; ANA E. GONZALEZ-DAVILA; DR. RAFAEL CASTRO; LADIES
MEDICAL CENTER,

Plaintiffs, Appellants,

v.

CARLOS SANCHEZ,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Stahl, Circuit Judge.

Bonnie Scott Jones, with whom Simon Heller and Center for
Reproductive Law & Policy were on brief, for appellants.

June 23, 2000

**STAHL, Circuit Judge.** This appeal results from a lawsuit brought against a number of anti-abortion activists by a women's rights organization, three facilities that perform abortions in Puerto Rico (together with their directors), and two women who, as a result of defendants' conduct, failed to secure desired medical treatment at the facilities. The district court initially granted defendants summary judgment on all claims, but we reversed that decision in large part and remanded for a trial. See Libertad v. Welch, 53 F.3d 428 (1st Cir. 1995).

Following our remand, defendant-appellee Carlos Sanchez refused to participate further in the proceedings, and in June 1996, the district court entered a default judgment against him on plaintiffs' claims under 42 U.S.C. § 1985(3) and pendent Puerto Rico tort law. Eventually, in 1998, plaintiffs negotiated a settlement with the other defendants, but sought, inter alia, an award of damages and attorney's fees against Sanchez, who took no part in the negotiations leading to the settlement agreement. In May 1999, the district court denied plaintiffs' request for damages and fees, stating that it based its judgment "upon the same analysis we employed when [in connection with the settlement agreement] we entered judgment against [another defendant]" and cross-referencing three

-3-

documents which the court believed would explain its _ratio decidendi_.

Having read the cross-referenced documents and other relevant portions of the record, we find ourselves unable to understand the district court's reasoning. Moreover, the record as a whole would seem to support plaintiffs' claimed entitlement to both damages and an attorney fee award. With respect to damages, the default judgment requires that plaintiffs' allegations of fact against Sanchez "be taken as true and . . . be considered established as a matter of law." _Brockton Sav. Bank_ v. _Peat, Marwick, Mitchell & Co._, 771 F.2d 5, 13 (1st Cir. 1985); _see_ _also_ _Smith_ v. _Wade_, 461 U.S. 30, 52 (1983) ("[O]nce liability is found, the [factfinder] is _required_ to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss." (Emphasis supplied)). Plaintiffs' allegations, when credited as they must be, certainly seem to establish that plaintiffs suffered a number of harms compensable under § 1985(3) and Puerto Rico tort law. Moreover, insofar as the allegations establish that Sanchez acted intentionally and out of hostility towards women, they also seem sufficient to put the question of punitive damages into play. _See_ _Smith_, 461 U.S. at 51; _Hobson_ v. _Wilson_, 737 F.2d 1, 63 (D.C. Cir. 1984) (noting that punitive damages can be awarded pursuant to § 1985(3)).

-4-

Similarly, with respect to attorney's fees, we note that (1) such fees are to be awarded to "prevailing parties" under 42 U.S.C. § 1988 (making fees available to claimants who prevail under § 1985) except in "special circumstances," see Williams v. Hanover Hous. Auth., 113 F.3d 1294, 1300-01 (1st Cir. 1997); (2) plaintiffs would seem to have "prevailed" in their § 1985(3) claims against Sanchez;[1] (3) no special circumstances making a fee award inappropriate are manifest in the record; and (4) the absence of a fee award against the settling defendants (per the terms of the settlement agreement) would not seem relevant to the question of Sanchez's fee liability, cf. id. at 1301-02 (emphasizing that fee liability under § 1988 turns not on a defendant's conduct or circumstances but "on the harm suffered by the plaintiffs and the relief obtained through their lawsuit").

All that said, we are reluctant to remand with directions that damages and fees be awarded without first giving the district court, which presided over this case for years, an opportunity to set forth any basis for its decision that we may have overlooked. We therefore vacate the judgment denying

---

[1]Irrespective of damages, plaintiffs have obtained from the district court an injunction permanently banning Sanchez from disrupting the operation of the three facilities that perform abortions which have prosecuted this lawsuit.

-5-

plaintiffs damages and fees and <u>remand</u> to the district court with instructions that it either award plaintiffs damages and fees or explain why, despite the authority we have cited, an award of damages and/or fees is not warranted.

**<u>Vacated and remanded</u>.** Costs to appellants.