2012 COA 188

Michael GRAHAM, Plaintiff–Appellee,

v.

ZURICH AMERICAN INSURANCE COMPANY, a/k/a Zurich North America Direct Markets, a/k/a Zurich North America, a/k/a Zurich Insurance, f/k/a Universal Underwriters Insurance Company, Defendant–Appellant.

No. 10CA2265.

Colorado Court of Appeals, Div. VII.

Nov. 1, 2012.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and

§ 24–51–1105, C.R.S.2012.

Truhlar and Truhlar, L.L.P., Robert J. Truhlar, Mary Jo Lowrey, Centennial, Colorado, for Plaintiff–Appellee.

Davis Graham & Stubbs, LLP, Thomas P. Johnson, Lydia Floyd, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

¶ 1 Zurich American Insurance Company appeals from the trial court's final judgment in favor of Michael Graham. We affirm and remand for a decision about attorney fees.

## I. Background

¶ 2 Graham worked as a regional sales manager for Zurich. After being terminated from his job, he brought an action to recover certain bonuses that, in his view, constituted unpaid wages under the Colorado Wage Claim Act. *See* §§ 8–4–101 to –123, C.R.S. 2012.

¶ 3 The jury found in Graham's favor and awarded $28,326.98 in damages. But it failed to add certain penalties that are mandatory under the Wage Claim Act. *See* § 8–4–109(3)(b), C.R.S.2012. In pertinent part, the verdict form read as follows:

> We, the jury, find for the Plaintiff, Michael Graham, and award the following damages:
>
> 1) *$ 28,326.98* Unpaid Wage and Compensation
>
> 2) *$ 0* 125% of that amount of unpaid wages or compensation, section 1 of this verdict form, up to and including seven thousand five hundred ($7, 500) dollars[.]
>
> 3) *$ 0* 50% of that amount of unpaid wages or compensation, section 1 of this verdict form, that exceed seven thousand five hundred ($7,500) dollars.

¶ 4 The parties agreed that judgment could not be entered on this verdict. But they disagreed about the appropriate remedy. Graham argued that the verdict reflected a technical error—the calculation of statutorily-mandated penalties—that could be corrected by the court. Zurich argued that the verdict reflected a substantive error that required further deliberation.

¶ 5 The court did not enter judgment on the verdict. Instead, it returned the case to the jury with this oral instruction:

> Based on the stipulations of the parties and the law, if you find unanimously that wages or compensation were unpaid to Mr. Graham, then you must award the damages set forth in paragraph 2 and 3 of ... verdict form A. With that information, you may reconsider your entire verdict at this time.

¶ 6 The next day, the jury returned another verdict, this time in favor of Zurich. The court discharged the jury, but it did not enter judgment on the second verdict. In-stead, the court announced that it would await post-trial motions.

¶ 7 Graham filed a motion for post-trial relief under C.R.C.P. 59, arguing that he was entitled to judgment notwithstanding the verdict (JNOV). Zurich opposed Graham's request and asked the court to enter judgment on the second verdict.

¶ 8 The court granted Graham's motion. After declaring that it "did err" in requiring further deliberations, the court entered judgment on the first verdict in the amount of $28,326.98, plus penalties and interest.

## II. Discussion

¶ 9 Zurich contends that the court erred in granting judgment for Graham. We reject its arguments and affirm the court's rulings. In our view, the court (A) correctly recognized that it had erred, (B) appropriately reconsidered its order requiring further deliberations, and (C) properly entered judgment on the first verdict after adding the mandatory penalties.

¶ 10 We explain our conclusions here.

### A. *The court correctly recognized that it had erred.*

¶ 11 The trial court ruled that it had committed an error. We agree. We also note that the underlying problem could have been avoided.

### 1. *The jury should not have been asked to determine penalties.*

¶ 12 The court's initial instructions required the jury to determine statutory penalties. This was a mistake. Instead of involving the jury, the court should have determined the penalties as a matter of law after receiving the jury's factual findings:

- Under section 8–4–109(3)(b), penalties are mandatory if (1) the employee makes a written demand for payment and (2) the defendant does not pay within fourteen days. Because those facts were undisputed here, there was no need to involve the jury. The imposition of penalties—both as to liability and amount—was simply a mechanical

calculation that flowed automatically from the jury's verdict on damages.

● Under section 8–4–109(3)(c), C.R.S. 2012, an additional penalty is mandatory if the "employer's failure to pay is willful." Here, the court properly required the jury to determine whether Zurich's failure was willful.[1] But the court should not have required the jury to make any consequent determination about the penalty. That determination should have been made by the court.

■ ¶ 13 As a rule, juries should not be required to determine or impose statutory penalties. As long as the jury makes the necessary factual findings (which can be accomplished by interrogatories), the matter of penalties should be left to the court. If the jury is involved in determining penalties, it may be moved to reduce its award of damages, which would frustrate the legislative goal of deterring improper conduct. *See Heritage Vill. Owners Ass'n v. Golden Heritage Investors, Ltd.,* 89 P.3d 513, 518 (Colo. App.2004) (identifying reasons to refrain from instructing the jury on the availability of treble damages under the Colorado Consumer Protection Act); *see also HBE Leasing Corp. v. Frank,* 22 F.3d 41, 45 (2d Cir. 1994) ("Every authority brought to this court's attention upholds excluding references to trebling and attorneys fees in the RICO context.").[2]

■ ¶ 14 Courts may avoid unnecessary confusion if they first require the jury to make the pertinent factual findings, and then determine and impose mandatory penalties as a matter of law. *See, e.g., Lloyd A. Fry Roofing Co. v. State Dep't of Health Air Pollution Variance Bd.,* 191 Colo. 463, 470, 553 P.2d 800, 806 (1976) (after the jury resolved the disputed issues of fact, the court determined the amount of the civil penalty

required by the Air Pollution Control Act); *Olsen v. Bondurant & Co.,* 759 P.2d 861, 863 (Colo.App.1988) (after receiving the jury's finding of fact, the court assessed the penalty under the wage statute); *see also Campos–Orrego v. Rivera,* 175 F.3d 89, 96 (1st Cir. 1999) (after the jury determined the amount of compensatory damages, the court properly doubled the award as required by statute; the court was not required to inform the jury about the effect of the statutory multiplier before submitting the issue of damages).

2. *The court erred in requiring further deliberations.*

■ ¶ 15 The court erred in requiring further deliberations after it received the first verdict. The court should have recognized that the first verdict contained all the necessary factual findings, and it should have corrected the jury's determination of penalties as a matter of law. *Cf. Cole v. Angerman,* 31 Colo.App. 279, 282, 501 P.2d 136, 138 (1972) ("Where the amount in question is undisputed or liquidated and the jury has failed to follow the instructions and returned a verdict for a lesser sum, the trial court has the power to increase the verdict to the higher figure."). Contrary to Zurich's view, that action would not have invaded the jury's province. *See Harris v. McLaughlin,* 39 Colo. 459, 461–62, 90 P. 93, 94–95 (1907) (where the jury returned a verdict in the plaintiff's favor and awarded $61.85, the trial court "did not invade the province of the jury" in awarding the plaintiff $123.66 because "[t]he amount due was simply a matter of computation").

B. *The court appropriately reconsidered its order.*

¶ 16 Having recognized that it "did err," the court reconsidered its order requiring

---

1. The jury found that Zurich's failure to pay was not willful. That factual determination precluded any penalty under section 8–41–109(3)(c).

2. Many years ago, the Colorado Supreme Court suggested that it does not matter whether statutory penalties are determined by the court or by the jury. *See Richards v. Sanderson,* 39 Colo. 270, 281–82, 89 P. 769, 772 (1907) (whether court or jury imposes penalties is "immaterial," but if the court does, "[i]t must be certain

... that the jury returned a verdict for the actual damages only"); *see also Sandberg v. Borstadt,* 48 Colo. 96, 103, 109 P. 419, 422 (1910); *Wymond v. Amsbury,* 2 Colo. 213, 217 (1873). In view of these old cases, we cannot conclude a trial court commits reversible error by allowing the jury to determine penalties, but we can express our disapproval of that practice. And we invite the supreme court to revisit this issue.

further deliberations. This decision was appropriate.

### 1. *The court ordered reconsideration.*

¶ 17 In evaluating a court's decision, we look to substance, not labels. *See Johnson v. Johnson,* 132 Colo. 236, 241, 287 P.2d 49, 52 (1955) (whether an instrument is a judgment or an order depends on its contents and substance, and not its title). Here, the court's order was, in substance, a reconsideration of its earlier order requiring further deliberation. We therefore will evaluate it as a reconsideration, even though the order was made in response to Graham's request for JNOV. *See Gallimore v. Missouri Pac. R.R.,* 635 F.2d 1165, 1170 (5th Cir.1981) (although the party's motion was captioned as a request for JNOV, the resulting order was more appropriately characterized as a reconsideration of the court's earlier order granting a new trial).[3]

### 2. *The court had authority to do so.*

¶ 18 A trial court has inherent authority to reconsider its own rulings. *See Ranger Ins. Co. v. Dist. Court,* 647 P.2d 1229, 1231 (Colo.1982). A court may exercise this authority any time before it enters a final judgment. *See Bowman v. Songer,* 820 P.2d 1110, 1113 (Colo.1991) (until a final judgment is entered, a court may reconsider any interlocutory order).

¶ 19 Here, the court had authority to reconsider its earlier decision, even though that decision resulted in a second verdict. *See, e.g., Gallimore,* 635 F.2d at 1170–71 (after receiving the first verdict, the trial court dismissed the jury and ordered a new trial; later, after receiving the second verdict, the court reconsidered its earlier decision and entered judgment on the first verdict; the court had authority to do this because final judgment had not been entered).

### 3. *The court's order was appropriate.*

¶ 20 Because the court erred in requiring further deliberations, it appropriately reconsidered that decision.

---

**3.** Because we view the court's order as a reconsideration of its earlier order, we see no need to

¶ 21 Zurich suggests that the court erred in revisiting its earlier decision. In Zurich's view, the court properly ordered further deliberations under C.R.C.P. 47(r), which states: "If the verdict is informal or insufficient in any particular, the jury, under the advice of the court, may correct it or may be again sent out."

¶ 22 We reject this argument:

- For the sake of simplicity, we assume that the court had authority, under C.R.C.P. 47(r), to have the jury "correct" the initial verdict by instructing it to add the mandatory penalties required by statute. *See, e.g., Morgan v. Gore,* 96 Colo. 508, 511, 44 P.2d 918, 919 (1935) (although the court "could have directed the jury to eliminate the superfluous language … it was not limited to that procedure").

- We nevertheless see no justification for requiring the jury to deliberate further. This case centered on liability. (The parties disagreed whether Graham had earned the bonuses; but they agreed that, if he did, the amount owed was $28,326.98.) The first verdict resolved that issue in Graham's favor, and it evidenced no impermissible compromise. *Cf. Rine v. Isham,* 152 Colo. 411, 418, 382 P.2d 535, 538 (1963) (new trial required where the jury's verdict reflected an impermissible compromise on the question of liability). Therefore, the court erred in returning the matter to the jury with an instruction to "reconsider [its] entire verdict."

### C. *The court properly entered judgment on the first verdict.*

¶ 23 Having reconsidered its earlier decision, the court properly entered judgment on the first verdict. As noted, that verdict contained all the findings necessary to determine Zurich's liability for damages. The verdict also contained all the findings necessary to support a judicial determination of mandatory penalties under section 8–4–109(3)(b).

---

evaluate it as an order granting JNOV against the second verdict.

¶ 24 We reject Zurich's suggestion that the court's judgment constitutes an impermissible substantive change.

¶ 25 A court may amend a jury verdict for form, but not for substance. *Sch. Dist. No. 12 v. Sec. Life of Denver Ins. Co.*, 185 P.3d 781, 787 (Colo.2008). A substantive change is one that affects the jury's underlying factual determination; a change of form is one that corrects a technical error. *Id.*

¶ 26 Here, the court did not disturb anything of substance. It simply corrected an error in the jury's determination of mandatory penalties. Because those penalties were appropriately determined as a matter of law, there was no substantive amendment.

### III. Attorney Fees on Appeal

¶ 27 In actions under the Wage Claim Act, courts have authority to award fees to any employee who recovers wages in an amount greater than the amount tendered by the employer. *See* § 8–4–110(1), C.R.S. 2012. Because the award is discretionary, many factors must be considered, including (1) the scope and history of the litigation, (2) the parties' relative ability to pay and the relative hardship, (3) the relative merits of the parties' positions, and (4) whether any claim or defense was frivolous, groundless, or asserted in bad faith. *Cf. Carruthers v. Carrier Access Corp.*, 251 P.3d 1199, 1211 (Colo. App.2010) (listing factors that govern discretionary award of fees to an employer who prevails under the Wage Claim Act).

¶ 28 Here, Graham successfully defended the trial court's judgment. He therefore is eligible for a discretionary award of appellate attorney fees. Because the trial court is in the better position to consider all appropriate factors, we remand this issue to the trial court. On remand, the court should consider all relevant factors and decide, in its discretion, whether Graham should be awarded the reasonable attorney fees that he incurred in defending this appeal. (If the court concludes that fees should be awarded, it must then determine the amount of those fees.)

¶ 29 The judgment is affirmed, and the case is remanded to the court to determine, in its discretion, whether Graham should be awarded the reasonable attorney fees that he incurred in defending this appeal.

Judge HAWTHORNE and Judge BERNARD concur.