2014 COA 139M

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Max Anthony MAESTAS, Defendant–Appellant.**

**Court of Appeals No. 09CA2144**

Colorado Court of Appeals, Div. V.

Announced October 23, 2014

As Modified on Denial of Rehearing December 18, 2014

City and County of Denver District Court No. 08CR25, Honorable Christina M. Habas, Judge

John W. Suthers, Attorney General, Rebecca A. Jones, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Joffe Law Firm, Danyel S. Joffe, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE FOX

¶ 1 On remand from the Colorado Supreme Court, we review our previous holding reversing Defendant Max Anthony Maestas's criminal convictions in light of our supreme court's recent decision in *People v. Novotny*, 2014 CO 18, 320 P.3d 1194. We reverse the convictions and remand the case for a new trial.

## I. Procedural Background

¶ 2 A jury found Maestas guilty of aggravated robbery, menacing, and eluding police. Maestas appealed, arguing that the trial court had erred by denying his challenges for cause to two prospective jurors and by denying his request for new counsel. *See People v. Maestas,* (Colo.App. No. 09CA2144, 2012 WL 4009907, Sept. 13, 2012) (not published pursuant to C.A.R. 35(f)) (*Maestas I*). A division of this court determined that the trial court had indeed erred by denying one of Maestas's for-cause challenges. *Id.* Applying then-applicable Colorado Supreme Court precedent, the division overturned Maestas's conviction and remanded the case for a new trial. *Id.* The division did not address Maestas's other claims of error.

¶ 3 The reversal was based on the rule announced in *People v. Macrander,* 828 P.2d 234 (Colo.1992). *Macrander* held that a criminal defendant is entitled to automatic reversal of his convictions where, as here, a jury found the defendant guilty after (1) the trial court erroneously denied a challenge for cause to a prospective juror; (2) the defendant used a peremptory challenge to excuse that prospective juror; and (3) the defendant ultimately used all of his peremptory challenges. *See id.* at 244. In that situation, the *Macrander* court reasoned, the trial court's erroneous ruling deprives the defendant of

the number of peremptory challenges guaranteed by statute, impairing his ability to control the composition of the jury. *Id.* at 246.

■ ¶ 4 After the division announced its decision in *Maestas I*, the prosecution petitioned for a writ of certiorari to the Colorado Supreme Court. While the petition was pending, the supreme court decided *Novotny*, in which the court overturned *Macrander*'s automatic reversal rule. *Novotny* held that, where a district court erroneously deprives a defendant of a peremptory challenge, reversal is warranted only where the error was not "harmless under the proper outcome-determinative test." ¶ 27. The supreme court granted the prosecution's petition in this case, vacated the division's decision in *Maestas I*, and remanded the case to this court "for reconsideration in light of *People v. Novotny*." *People v. Maestas*, No. 12SC708, 2014 WL 1464530 (Colo. Apr. 14, 2014) (unpublished order).

¶ 5 On remand, we ordered the parties to provide supplemental briefing concerning *Novotny*'s applicability to this case. Having read and considered *Novotny*, the record in this case, the parties' original briefs, and their supplemental briefs, we reverse Maestas's convictions and remand the case for a new trial.

## II. *Novotny* Applies Here

■ ¶ 6 We first address Maestas's contention that applying *Novotny* retroactively to his case would violate federal and state due process guarantees. Another division of this court recently concluded, in *People v. Wise*, 2014 COA 83, —— P.3d ——, that applying the holding of *Novotny* to a pending appeal such as this does not offend due process. *Wise*, ¶¶ 7–16. The division first explained that applying Novotny to a case pending on appeal is likely not a retroactive application of the law:

> The holding in *Novotny* does not affect the process for challenging prospective jurors for cause, the standards applicable to the determination of any such challenge, or any matter relevant to the use of peremptory challenges. Nor does it make criminal that which was not, alter any burden of

proof, affect the admissibility or weight of evidence, or enhance a defendant's punishment.

*Id.* at ¶ 11 (citing *Novotny*, ¶ 25). Moreover, the *Wise* division explained, even assuming that applying *Novotny* would be a retroactive application of a change in the law, criminal defendants charged in recent years had fair warning of the change. *See id.* at ¶¶ 13–16. Thus, the division concluded, applying Novotny to cases that were pending on appeal at the time that case was decided does not offend due process. *See id.* We agree with the reasoning of the *Wise* opinion, and therefore apply the *Novotny* holding here.

## III. Denial of Challenges for Cause

¶ 7 Maestas next contends that the trial court erred by denying his challenges for cause to two prospective jurors, Juror F and Juror H. We agree.

### A. Factual Background

¶ 8 During voir dire, defense counsel asked the prospective jurors on the panel whether, if Maestas chose not to testify, they would assume "he must have done something [wrong]." Juror F raised her hand and explained, "if you've done something [wrong] or you haven't, you need to speak up. Because if you haven't, then why—I mean, are you scared to tell everyone?" Defense counsel asked Juror F to rate her feelings on a scale of one to ten, "[t]en being absolutely sure you'd hold [a defendant's refusal to testify] against him, and one being absolutely not, you wouldn't hold it against him," to which Juror F responded, "[f]ive." Juror F also said she was "not sure" whether she could follow the trial judge's instruction that she was not to hold the defendant's silence against him.

¶ 9 Defense counsel then asked Juror H to rate his feelings on the same one-to-ten scale Juror F used, and Juror H said he, too, was "right in the middle" of the scale. When defense counsel asked Juror H whether, if a defendant failed to testify, there was "a good possibility you may hold that against him," Juror H responded "yeah, because I find generally that . . . if they were generally not

guilty, they could probably get up there and speak their mind about how they weren't guilty."

¶ 10 Maestas challenged Jurors F and H for cause, arguing that they would refuse to acquit him if he chose not to testify. The trial court denied the challenge. Maestas then used a peremptory challenge to remove Juror H from the jury, and exhausted his peremptory challenges. He did not use a peremptory challenge to remove Juror F, and Juror F ultimately served on the jury. Maestas chose not to testify, and the jury found him guilty of all charges.

### B. Standard of Review

¶ 11 The trial court is in a far better position than this court to evaluate a potential juror's credibility, demeanor, and body language. *See People v. Young*, 16 P.3d 821, 824 (Colo.2001). Therefore, the trial court has substantial discretion in ruling on a challenge for cause to a prospective juror, and we review the trial court's decision on the matter for an abuse of that discretion. *See id.* A court abuses its discretion when it issues a ruling that is "manifestly arbitrary, unreasonable, or unfair," *People v. Rath*, 44 P.3d 1033, 1043 (Colo.2002), or when it misconstrues or misapplies the law, *People v. Henson*, 2013 COA 36, ¶ 9, 307 P.3d 1135. To determine whether the trial court abused its discretion when ruling on a challenge for cause, we examine the entire voir dire of the prospective juror. *Carrillo v. People*, 974 P.2d 478, 486 (Colo.1999).

¶ 12 If we determine that the trial court abused its discretion by denying a defendant's challenge for cause, reversal is not necessarily required. *See People v. Marciano*, 2014 COA 92, ¶ 10, —— P.3d ——. If the defendant used a peremptory challenge to excuse the wrongfully retained juror, we must apply *Novotny* and determine whether the court's error was harmless "under the proper outcome-determinative test." *Novotny*, ¶ 27. The proper outcome-determinative test in this case is the ordinary harmless error test. *Wise*, ¶ 24 (because the harm to be evaluated is the deprivation of a peremptory challenge, only the nonconstitutional right to exercise peremptory challenges is at

issue, so the ordinary harmless error test must apply). Under that test, we disregard any error that does not affect a party's substantial rights. Crim. P. 52(a); *Wise*, ¶ 27. We will reverse only if the defendant demonstrates a reasonable probability that the error contributed to the verdict. *Krutsinger v. People*, 219 P.3d 1054, 1063 (Colo.2009); *see Hagos v. People*, 2012 CO 63, ¶ 12, 288 P.3d 116; *see also Tevlin v. People*, 715 P.2d 338, 342 (Colo.1986) (The defendant must show that the error "substantially influenced the verdict or affected the fairness of the trial proceedings."). A defendant can show the error was not harmless by demonstrating (1) that the challenged juror participated in determining the defendant's guilt or (2) as a result of the trial court's error, a different biased or incompetent juror sat on the jury. *See Marciano*, ¶ 10.

¶ 13 If, however, the defendant does not use a peremptory challenge to dismiss a wrongfully retained juror, and the biased juror ultimately serves on the jury, the defendant's constitutional right to an impartial jury, not the statutory right to a certain number of peremptory challenges, is implicated, and reversal is required. *Id.*

### C. Analysis

#### 1. Juror H

¶ 14 The *Maestas I* division determined that the trial court erred by denying Maestas's challenge for cause to Juror H. Thus, the division concluded that Maestas was deprived of one of his statutorily guaranteed peremptory challenges. The division's reasoning is unaffected by the holding in *Novotny*, so we need not revisit it here. We again conclude that the trial court improperly denied Maestas's challenge for cause to Juror H.

¶ 15 As directed by *Novotny*, however, we must determine whether the court's error was harmless under the "appropriate case specific, outcome-determinative analysis." *Novotny*, ¶ 27. We conclude that it was.

¶ 16 After challenging Jurors F and H for cause, defense counsel exercised all seven of the allotted peremptory challenges,

using one to excuse Juror H from the panel. He did not use a peremptory challenge to excuse Juror F. By excusing Juror H, Maestas effectively cured the court's error in denying the defense's for-cause challenge to that juror. *See Wise*, ¶ 24. Though Juror F remained on the jury, Maestas had six other peremptory challenges with which he could have excused her. He used only one to excuse another juror he had challenged for cause. As the *Wise* division observed, the defendant can show that a trial court's erroneous ruling on a challenge for cause requires reversal by demonstrating that, as a result of the court's error, a biased juror participated in determining the defendant's guilt. *Wise*, ¶¶ 28–30. Maestas has not shown that Juror F's presence on the jury was attributable to the trial court's erroneous ruling with respect to Juror H. *See Marciano*, ¶ 10. Therefore we conclude that the court's error in denying the challenge to Juror H was harmless.

### 2. Juror F

¶ 17 The *Maestas I* division did not address Maestas's contention that the trial court erred by denying his challenge for cause to Juror F. We do so here, and conclude that the trial court abused its discretion by denying the challenge.

¶ 18 The trial court must sustain a challenge for cause if "the juror evinc[es] enmity or bias toward the defendant or the state," unless "the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial." § 16–10–103(1)(j), C.R.S.2014; *see also* Crim. P. 24(b)(1)(X). But where "a potential juror's statements compel the inference that he or she cannot decide crucial issues fairly, a challenge for cause must be granted in the absence of rehabilitative questioning or other counter-balancing information." *People v. Merrow*, 181 P.3d 319, 321 (Colo.App.2007).

¶ 19 Here, the same facts that led the *Maestas I* division to conclude that the trial

court should have excused Juror H for cause compel the conclusion that the trial court also erred by retaining Juror F. Like Juror H, Juror F explicitly stated that, despite the court's instructions, she might hold Maestas's silence against him. Though Juror H said there was a "good possibility" that he would be biased against Maestas if he failed to testify, while Juror F merely stated that she was "not sure" she could follow the court's instruction, the implication of their answers was the same: despite the court's instructions to the contrary, both prospective jurors would view Maestas's silence as evidence of guilt. Juror F was never rehabilitated, and nothing in the record of voir dire suggests that she was willing to set aside her personal biases and decide the case based on the law and the evidence presented at trial. Therefore we conclude that the trial court erred by denying Maestas's challenge for cause to Juror F.

¶ 20 Unlike the court's decision with respect to Juror H, however, the court's erroneous refusal to excuse Juror F requires reversal even after *Novotny*. Where a biased or incompetent juror ultimately serves on the jury that finds the defendant guilty, the defendant's right to an impartial jury is violated and reversal is required. *Marciano*, ¶ 10. *Morrison v. People*, 19 P.3d 668, 671 (Colo. 2000); *United States v. Martinez–Salazar*, 528 U.S. 304, 316, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000). Because a biased juror ultimately served on the jury, Maestas's constitutional right to an impartial jury was violated. *Marciano*, ¶ 10.

### IV. Motion to Substitute Counsel

¶ 21 Because we reverse and remand for a new trial, we need not address Maestas's contention that the trial court abused its discretion when it denied his request for new counsel.

### V. Conclusion

¶ 22 The judgment is reversed, and the case is remanded for a new trial.

JUDGE ASHBY and JUDGE PLANK * concur.